# UNITED STATES DISTRICT COURT

## DISTRICT OF COLUMBIA

| | |
|---|---|
| WALTER J. ROSALES, ESTATE OF HELEN CUERO, ESTATE OF DEAN ROSALES, P.O. Box 85, Jamul, California, 91935 ) ) ) ) ) | **CASE NUMBER:** **01:07 cv 00162** |
| KAREN TOGGERY, ESTATE OF MARIE TOGGERY, ESTATE OF MATTHEW TOGGERY, P.O. Box 375, Jamul, California, 91935 ) ) ) ) ) | **JUDGE:** **Judge Rosemary M. Collyer** |
| | **DECK TYPE:** **Tribal Rights** |
| JAMUL INDIAN VILLAGE, a federally recognized Indian tribe, P.O. Box 612, Jamul, California, 91935. ) ) ) ) | **DATE STAMP:** |

WALTER J. ROSALES, ESTATE OF
HELEN CUERO, ESTATE OF DEAN
ROSALES, P.O. Box 85, Jamul, California,
91935

KAREN TOGGERY, ESTATE OF MARIE
TOGGERY, ESTATE OF MATTHEW
TOGGERY, P.O. Box 375, Jamul,
California, 91935

JAMUL INDIAN VILLAGE, a federally
recognized Indian tribe, P.O. Box 612,
Jamul, California, 91935.

          Plaintiffs,

vs.

UNITED STATES OF AMERICA,
Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530-0001,
and its divisions, including but not limited
to, DEPARTMENT OF THE INTERIOR,
by and through Secretary DIRK
KEMPTHORNE, in his official capacity,
1849 C Street, NW,
Washington, D.C. 20240,
BUREAU OF INDIAN AFFAIRS, by and
through Assistant Secretary of Indian
Affairs, JAMES E. CASON, in his official
capacity, 1849 C Street. NW, Washington,
D.C. 20240,

          Defendants.

**CASE NUMBER:**   **01:07 cv 00162**

**JUDGE:**   **Judge Rosemary M. Collyer**

**DECK TYPE:**   **Tribal Rights**

**DATE STAMP:**

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE**

## THE GOVERNMENT'S MIS-PERCEPTION OF THE FACTS

Contrary to the Defendants' assertion in their moving papers, this action primarily arises out of the immediate threat of knowing and willful mutilation, desecration, and disinterment of the Plaintiffs' Native American human remains, grave goods, cultural items, associated funerary and sacred objects of cultural patrimony, by third party grading contractors in violation of the federal Native American Graves Protection and Repatriation Act ("NAGPRA"), 25 U.S.C. § 3001 et seq.

Plaintiffs seek a preliminary and permanent injunction to prevent the United States and its relevant agencies, the Department of the Interior and the Bureau of Indian Affairs, from allowing any grading, excavating, operating heavy equipment, moving dirt and/or gravel, or any other construction activities on the parcels known as 597-080-04, 597-080-05 and 597-080-06, and otherwise allowing any mutilation, disinterment, removal, excavation, or disturbance in any way, of any Native American human remains, and the items associated with their human remains, including, but not limited to grave goods, cultural items, associated funerary objects, sacred objects, and objects of cultural patrimony, as defined in 25 U.S.C. § 3001 and 43 C.F.R. § 10.1-10.17, that have been inhumed, interred, and deposited on these parcels.

Contrary to the Defendants' hyperbole, Plaintiffs' action is premised upon the violation of the federal NAGPRA and its regulations, and not California law. However, as discussed with the Court at the hearing on February 16, 2007, the federal NAGPRA savings clause, 25 U.S.C. § 3009, specifically provides: "Nothing in this chapter shall be construed to– . . . (4) limit any procedural or substantive right which may otherwise be secured to individuals . . . or (5) limit the application of any State or Federal law pertaining to theft or stolen property." See also 43 C.F.R. 10.15(d). Moreover, Section 2674 of Title 28 U.S.C., the Federal Tort Claims Act (FTCA), removes the

sovereign immunity of the United States in tort actions like this, and applies to the United States the same measure of liability as is applied under the law of the state where the tort occurred to a private individual. Feres v. U.S. 340 U.S. 135, 141 (1950). Under the FTCA, the United States is liable "in the same manner and to the same extent as a private individual under like circumstances . . . ." 28 U.S.C. § 2674. Thus, the extent of the United States' liability under the FTCA is generally determined by reference to state law. Molzoff v. U.S., 502 U.S. 301, 305 (1992); Indian Towing Co. v. United States, 350 U.S. 61, 64-65, 68-69 (1955); Reo v. U.S. Postal Service, 98 F.3d 73, 75 (3rd Cir. 1996). Thus, the federal officials' obligations under NAGPRA have been supplemented with California's version of the protection of the lineal descendants' preference to preserve their Native American human remains and associated items "in place," on both public and private lands, pursuant to the recent amendment of Cal Pub. Res. Code 5297.98.

Also contrary to the Defendants' misleading misrepresentation, the Plaintiffs' claims in their second cause of action, that they are threatened with trespass upon their beneficial ownership of parcel 597-080-04, have not been previously litigated in any forum. As noted during the hearing on February 16, 2007, the prior Southern District of California action merely sought the issuance of a "trust patent," based upon Plaintiffs' single cause of action to enforce an "allotment" of what is now known as parcel 597-080-04. See Complaint in Rosales v. U.S., Case No. 3:01-cv-00951-IEG-JAH (S.D. Cal.), attached as Ex. A hereto. There, the government's Rule 12(b)(6) motion to dismiss was denied, and its alternative Rule 56 motion for summary judgment was granted, denying the Plaintiffs an "allotment," and any issuance of a "trust patent" in parcel 597-080-04. Def. Ex. E.

Moreover, the trial court's unpublished summary judgment decision was not adopted by the Ninth Circuit on Plaintiffs' appeal. See Rosales v. U.S., 73 Fed.Appx. 913, 914 (9th Cir. 2003).

3

Instead, the Ninth Circuit dismissed the action, due to the absence of the Jamul Indian Village as an indispensable party to the action, under F.R.C.P. Rule 19. None of the purported "factual" findings referenced by the government in its moving papers were adopted or affirmed by the Ninth Circuit, and, more importantly, none of the claimed determinations of "beneficial ownership" of parcel 597-080-04 were necessary to the trial court's denial of the issuance of a "trust patent" for any "allotment" of the parcel; hence they are mere *dicta*, and not a final factual determination on the merits. See, e.g., Elliott v. F.D.I.C., 305 F. Supp. 2d 79, 83 (D.D.C. 2004).

As explained at the February 16, 2007 hearing, Plaintiffs are therefore not barred by either of the issue preclusion doctrines of *res judicata* or collateral estoppel from seeking to prevent any alienation or trespass against their beneficial ownership of parcel 597-080-04, since until this action was filed, Plaintiffs had not sought any declaratory relief that they were designated by the Secretary of the Interior as the beneficial owners of the parcel, pursuant to 25 U.S.C. § 465 and the holdings in Coast Indian Community v. U.S., 550 F.2d 639 (Fed. Cl. 1977), United States v. Assiniboine Tribe, 428 F.2d 1324, 1329-30 (Fed. Cl. 1970),  U.S. v. State Tax Comm., 535 F.2d 300, 304 (5th Cir. 1976), and 1 Opinions of the Solicitor of the Department of Interior Relating to Indian Affairs 1917-1974 at 668, 724, 747, and 1479.

Contrary to the Defendants' unsupported assertion, this Court does not have discretion to transfer venue under 28 U.S.C. § 1404(a), in that Plaintiffs' action under NAGPRA may not have been brought in the Southern District of California, since none of the relevant federal NAGPRA officials reside in that district, nor does the Riverside California Superintendent, James Fletcher (who resides in the Central District of California), nor does the Pacific Regional Director, Clay Gregory (who resides in Sacramento, in the Eastern District of California), nor does the Regional

Archaeological Director, Dan Hall (who also resides in Sacramento).

Most importantly, this District, and not the Southern District of California, is the more appropriate venue for the convenience of the parties and witnesses and the interests of justice. Contrary to the Defendants' unsupported assertion, the relevant decision makers, and those members of the federal agencies that have failed to fulfill their affirmative duties to the Plaintiffs under NAGPRA, all reside in the District of Columbia, including, but not limited to, the Secretary and the Deputy Commissioner of Indian Affairs, U.S. Department of the Interior, Washington, D.C. 20240, as set out in 43 C.F.R. §§ 10.1 and 10.3; the Manager of the National NAGPRA Program within the National Parks Service (2253) of the Department of the Interior, 1849 C Street N.W., Washington, D.C. 20240, as set out in 43 C.F.R. §§ 10.1, 10.6, 10.9, 10.10; and the Review Committee established pursuant to section 8 of NAGPRA, as set out in 43 C.F.R. §§ 10.1, 10.9-11, and 10.16-17.

Also contrary to the Defendants' unsupported assertion, and contrary to Defendants' Ex. F, Plaintiffs have not filed an action against the San Diego County or the San Diego County Sheriff's Office in any California state court. Rather, in a companion action under the California version of NAGPRA, the Plaintiffs have sought additional personal injury protection, under Public Law 280, from their state government agencies, known as the California Native American Heritage Commission and the California State Water Resources Control Board. Both state agencies have independent duties under the California statutes, among others, to prevent mutilation, desecration and disinterment of Native American human remains and funerary objects on the relevant private land in the state of California, parcel 597-080-06, and are not governed by the requirements of the federal NAGPRA that applies to the Defendants in this action and to the federal land, parcel 597-

080-04, or the tribal land, parcel 597-080-05.  Hence, the defendants in that action and the allegations and witnesses in that action have no bearing on the claims made against the federal officials in this action.

Finally, the Defendants have already waived the right to bring this motion to transfer venue under 28 U.S.C. § 1404(a), since they failed to bring such a motion in the Plaintiffs' companion action before this Court, Rosales v. United States, Case No. 1:03 CV 01117 (D.D.C.), which has been pending before Judge Gladys Kessler since May 23, 2003.  There, as the court also learned during the February 16, 2007 hearing, the Plaintiffs have similarly sued the federal agency officials in this District, where a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred concerning who are the lawful members and the lawfully elected leaders of the tribe, and the Defendants' arbitrary and capricious decisions against the law were made.

### TRANSFER TO THE SOUTHERN DISTRICT OF CALIFORNIA IS NOT APPROPRIATE UNDER 28 U.S.C. § 1404(a).

Defendants concede that a "threshold consideration" under 28 U.S.C. § 1404(a) limits transfer of venue of any action "to any other district or division where it might have been brought." Def. P&A 3-4, citing Nichols v. U.S. Bureau of Prisons, 895 F. Supp. 6, 8 (D.D.C. 1995) and Van Dusen v. Barrack, 376 U.S. 612, 616 (1964).

Civil actions against officers or employees of the United States, or of any agency thereof, acting in their official capacity or under color of legal authority, may be brought in any district in which the defendant resides or in which a substantial part of the events or omissions occurred.  28 U.S.C. § 1391(e)(1)-(2).  A federal defendant's residence for purposes of 28 U.S.C. 1391(e) is the official residence, i.e., where the official duties are performed, not the personal residence (where

defendant lives).  Lamont v. Haig, 590 F2d 1124, 1128 n. 19 (D.C. Cir. 1978); Miller v. Christopher, 96 F.3d 1467, 1469 (D.D.C. 1996).  See, e.g., Williams v. U.S., No. C-01-0024 EDL, 2001 W.L. 1352885 (N.D. Cal. Oct. 23, 2001) (venue in this District found proper for claims for declaratory and injunctive relief where the United States, its Secretary of the Interior and the Pacific Regional Directors of the Bureau of Indian Affairs, had failed to implement a judgment of the Northern District of California); Pueblo of Taos v. Andrus, 475 F. Supp. 359, 365 (D.D.C. 1979) (finding venue in this District over review of administrative action by the Secretary of Interior concerning the boundaries of land held in trust for the Pueblo, and also finding that the government had no sovereign immunity against claims for declaratory and injunctive relief against such administrative actions concerning the boundaries of the Pueblo); National Organization for the Reform of Marijuana Laws v. U.S.D.E.A., 545 F. Supp. 981 (D.D.C. 1982), (where federal Drug Enforcement Agency's decision not to prepare an environmental impact statement arose within the District of Columbia, at the location of the DEA headquarters, venue was appropriate in the District of Columbia).

Hence, for purposes of venue, all federal defendants reside in Washington, D.C.  Venue does not lie in every judicial district where a federal agency has a regional office.  See Reuben H. Donnelly Corp. v. Federal Trade Comm'n, 580 F.2d 264, 267 (7th Cir.1978) (holding that 1962 amendments to 28 U.S.C. § 1391(e) did not alter the rule that the federal government resides only in the District of Columbia). Venue is therefore proper in the District of Columbia based on Defendants' residence, as provided by section 1391(e)(1).

Here, as noted above, the relevant decision makers and those members of the Defendant federal agencies that have failed to fulfill their affirmative duties to the Plaintiffs under NAGPRA all

reside in the District of Columbia, as alleged in the complaint. These include, but are not limited to, the Secretary and the Deputy Commissioner of Indian Affairs, Department of the Interior; the Manager of the National NAGPRA Program within the National Parks Service of the Department of Interior; and the Review Committee established pursuant to section 8 of NAGPRA.

Moreover, the Defendants have not provided the Court with any evidence that any federal official of any of the relevant Defendant federal agencies resides in the Southern District of California. Those that they have identified that may or may not have relevant information concerning Plaintiffs' claims, Defendants admit do not reside in the Southern District of California, including, the Riverside California Superintendent, James Fletcher (who resides in the Central District of California), the Pacific Regional Director, Clay Gregory (who resides in Sacramento in the Eastern District of California), and the Regional Archaeological Director, Dan Hall (who also resides in Sacramento).[1]

Therefore, since Plaintiffs' NAGPRA claims against the Defendant federal officials, including the Secretary of the Department of the Interior and Assistant Secretary for Indian Affairs within the Bureau of Indian Affairs, cannot have been brought in the Southern District of California, since these defendants do not reside there and a substantial part of the events or omissions giving rise to the Plaintiffs' claims did not occur there, transfer of this action under 28 U.S.C. § 1404(a) is not appropriate in this case.

---

[1] It should also be noted that the Defendants have not submitted any admissible evidence as to what purported knowledge Mr. Fletcher, Mr. Gregory or Mr. Hall actually has concerning the Plaintiffs' Native American human remains and funerary objects or for that matter the relevant parcels 597-080-04, 597-080-05, and 597-080-06, and therefore the Defendants have not

**TRANSFER IS NEITHER CONVENIENT FOR THE PARTIES AND WITNESSES NOR IN THE INTEREST OF JUSTICE.**

Contrary to the Defendants' unsupported assertion, neither the convenience of the parties and witnesses, nor the interests of justice, will be served by transferring this case out of the District of Columbia, since a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in this District.

As noted in Williams v. U.S., "[t]he 'events or omissions' that Plaintiffs complain of, however, are the BIA's failure to properly interpret or implement the law as expressed in *Hardwick,* not the Court's entry of judgment in *Hardwick.* Thus, the events or omissions occurred in the District of Columbia and/or the Eastern District . . . . Venue does not lie in the Northern District on any basis." Similarly, here, venue does not lie in the Southern District of California, since the Defendants are not residents of that district and the events and omissions of which Plaintiffs complain occurred in the District of Columbia.

As set forth in Plaintiffs' moving papers, and unrefuted by the Defendants, the NAGPRA claims do not arise out of the locus of the real property on, in, or above which, the Native American human remains and associated funerary objects are found. Rather, the gravamen of the Plaintiffs' claims arise from the personal injury they will sustain from the mutilation, desecration, and/or disinterment of their forbears human remains and funerary objects, if the United States allows grading on the relevant parcels in violation of NAGPRA. "American courts continue to recognize the English law of no property right in human remains." H. Bernard, THE LAW OF DEATH AND DISPOSAL OF THE DEAD, 15 (2d ed. 1979), 16-18. "Rather, any recovery awarded by American

---

met their burden on a 28 U.S.C. § 1404(a) motion to transfer, as discussed below.

courts is awarded for the injury to the feelings and emotions of the surviving family members."

Thomas, Indian Burial Rights Issues: Preservation or Desecration, 59 U.M.K.C. L. Rev. 747, 748

(Spring 1991).[2]

Moreover, the moving party bears a heavy burden of establishing that Plaintiffs' choice of

forum is inappropriate. Thayer/Patricof Education Funding v. Pryor Rsources, Inc., 196 F. Supp.2d

21, 31 (D.D.C. 2002). The moving party has the burden of showing that 'the convenience of parties

and witnesses' and 'interest of justice' require transfer to another district. Commodity Futures

Trading Comm'n v. Savage, 611 F2d 270, 279 (9th Cir. 1979); Gregg Comm. Systems, Inc. v. AT &

T Co., 575 F. Supp. 1269, 1270 (N.D. Ill. 1984).

A plaintiff's choice of forum is accorded substantial weight in proceedings under 28 U.S.C. §

1404(a). Courts generally will not order a transfer unless the 'convenience' and 'justice' factors

enumerated above strongly favor venue elsewhere. Securities Investor Protection Corp. v. Vigman,

764 F.2d 1309, 1317 (9th Cir. 1985); see Lewis v. ACB Business Services, Inc., 135 F.3d 389, 413

---

[2] None of the cases cited by Defendants involve the Plaintiffs' claims of violation of NAGPRA. See, e.g., Shawnee Tribe v. U.S., 298 F. Supp. 2d 21 (D.D.C. 2002); Southern Utah Wilderness Alliance v. Norton, 315 F. Supp.2d 82 (D.D.C. 2004); Lac Courte Oreilles Band of Lake Superior Chippewa Indians of Wisconsin v. U.S., Case No. 01cv1042 (D.D.C. 2002), Def. Ex. D; The Apache Tribe of the Mescalero Reservation v. Reno, Case No. 96cv115 (D.D.C. 1996), Def. Ex. C; Cheyenne-Arapaho Tribe of Oklahoma v. Reno, Case No. 98cv065 (D.D.C. 1998), Def. Ex. B; Santee Sioux Tribe of Nebraska v. N.I.G.C., Case No. 99cv528 (D.D.C. 1999), Def. Ex. A.

(6th Cir. 1998); In re National Presto Industries, Inc., 347 F.3d 662, 665 (7th Cir. 2003). For example, a transfer will not be ordered if the result is merely to shift the inconvenience from one party to another. The party seeking the transfer has the burden of demonstrating that trial in the district where the action is pending will result in a *clear balance of inconveniences* to him or her. Harris Trust & Sav. Bank v. SLT Warehouse Co., Inc., 605 F. Supp. 225, 227 (N.D. Ill.1985). Thus, a transfer will not be ordered simply to make it more convenient for a defendant: "The venue transfer provisions of Section 1404(a) are not meant to merely shift the inconvenience to the plaintiff." Reed Elsevier, Inc. v. Innovator Corp., 105 F. Supp.2d 816, 821 (S.D. Oh. 2000).

As conceded in Lac Courte Oreilles Band of Lake Superior Chippewa Indians of Wisconsin v. U.S., Case No. 01cv1042 (D.D.C. 2002), cited in Def. Ex. D, page 5: "The consideration of the convenience to the parties and witnesses and the availability of evidence does not yield a strong preference for either district . . . . [I]t appears . . . , at this point in the litigation, that there will be few, if any, witnesses to be called and little evidence to be offered. . . . Since the federal defendants have offices within this district, they cannot reasonably assert that this district is overly inconvenient for them. . . . Consequently, the convenience of the parties and witnesses, and the availability of evidence, are not controlling considerations."

With regard to evaluating the interests of justice, the Court must also be cognizant of the Plaintiffs' privacy rights, which militate against considering this dispute to be of a "local" character requiring a public trial. In fact, much of the evidence of the location and form of disposition and repatriation of the Plaintiffs' families' Native American human remains is of such a private and confidential nature that any evidentiary hearing or trial will undoubtedly be conducted *en camera*, and not in a public courtroom. See the privacy rights outlined in the NAGPRA regulations, 43 C.F.R.

§§ 10.6 and 10.10.

The interests of justice are also furthered by avoiding unnecessary expense to the public through duplicative use of judicial resources. See, e.g., Martin-Trigona v. Meister, 668 F. Supp. 1, 4 (D.D.C. 1987) (interests of justice are better served when a case is heard in the district where related actions are pending). Here, as the Court has become aware, both the Plaintiffs and the Defendants are awaiting Judge Kessler's related decision on cross-summary judgment motions, as to who are the lawful members and lawfully elected leaders of the tribe. See Rosales v. U.S., Case No. 1:03 CV 01117 (D.D.C.).

## CONCLUSION

The Defendants have not met their heavy burden on this motion to demonstrate that Plaintiffs' NAGPRA claims could have been brought in the Southern District of California, since none of the federal officials involved in those claims reside in that District. Moreover, the Defendants have failed to meet their heavy burden to demonstrate *a clear balance of inconveniences* or that the private and public interests of justice strongly favor transferring this action to the Southern District of California. Therefore Defendants' motion to transfer must be denied.


Dated: February 26, 2007                    **BOIES, SCHILLER & FLEXNER LLP**

                                            /s/ Louis G. Smith
                                            William A. Isaacson, Esq.
                                            Tanya S. Chutkan, Esq.
                                            Louis G. Smith, Esq.
                                            **BOIES, SCHILLER & FLEXNER LLP**
                                            5301 Wisconsin Avenue, N.W. Ste 800
                                            Washington, DC  20015
                                            Tel (202) 237-2727
                                            Fax (202) 237-6131

**WEBB & CAREY**

/s/ Patrick D. Webb
Patrick D. Webb, Esq., Calif. Bar No. 82857
**WEBB & CAREY**
401 B Street, Suite 306
San Diego, CA  92101
Tel (619) 236-1650
Fax (619) 236-1283

Attorneys for WALTER ROSALES, KAREN
TOGGERY,  JAMUL INDIAN VILLAGE,
ESTATE OF HELEN CUERO, ESTATE OF
DEAN ROSALES, ESTATE OF MARIE
TOGGERY, ESTATE OF MATTHEW TOGGERY

















JPP

3:01-CV-951 ROSALES V. USA

*1*

*CMP*

Patrick D. Webb, Esq., State Bar No. 82857
**WEBB & CAREY**
401 B Street, Suite 306
San Diego, Calif. 92101
(619) 236-1650

Attorneys for Plaintiffs

FILED

01 MAY 30 PM 2: 27

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____
            DEPUTY

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER ROSALES, MARIE TOGGERY, and KAREN TOGGERY <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES OF AMERICA, and its divisions, including but not limited to, the DEPARTMENT OF THE INTERIOR, the BUREAU OF INDIAN AFFAIRS, the NATIONAL INDIAN GAMING COMMISSION, and DOES 1-20, <br><br> Defendants. | Case No. 01 CV 0951 IEG (JAH) <br><br> COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF <br><br> AND DEMAND FOR JURY |

Plaintiffs allege upon information and belief as follows:

## PARTIES

1. Plaintiffs, WALTER ROSALES, MARIE TOGGERY, KAREN TOGGERY, are Indian residents of San Diego County, with half or more degree of California Indian blood, and are enrolled members of the JAMUL INDIAN VILLAGE (hereinafter JAMUL), a tribal governmental entity of Kumeyaay Indians, recognized by Congress, governed by a Constitution adopted on May 9, 1981, pursuant to the Indian Reorganization Act of 1934, 25 U.S.C. 461 et seq., and located in Jamul, California.

1    2. The Defendants are the UNITED STATES OF AMERICA, and its divisions,

2    including, but not limited to, the DEPARTMENT OF THE INTERIOR, the BUREAU OF

3    INDIAN AFFAIRS, and the NATIONAL INDIAN GAMING COMMISSION.

4    3. Defendants Does 1 through 20, inclusive, are sued herein under fictitious names.

5    Their true names and capacities are unknown to Plaintiffs at this time. When the true names and

6    capacities of said defendants are ascertained by Plaintiffs, Plaintiffs will seek leave to amend this

7    complaint to insert their true names and capacities. Plaintiffs are informed and believe, and

8    based thereon allege, that each of the fictitiously named defendants is responsible in some

9    measure for the actions, events and damages herein alleged, and are the agents of each of the

10   defendants.

11   4. Plaintiffs are informed and believe and on such information and belief allege that at all

12   times herein mentioned, defendants, and each of them, were the agent, employee and/or joint

13   venturer of their co-defendants, and were acting within the course and scope of such agency,

14   employment and/or joint venture and with the permission and consent of their co-defendants and

15   defendants. Each reference to one defendant is also a reference to each and every other

16   defendant. Plaintiffs are informed and believe and thereon allege that the defendants, and each of

17   them, conspired with each other, to engage in acts in furtherance of a conspiracy to wrongfully

18   and illegally violate the Plaintiffs' property rights, rendering each of the defendants jointly and

19   severally liable for all resulting and irreparable damage to Plaintiffs.

20                                    **RELATED ACTIONS**

21   5. WALTER ROSALES, MARIE TOGGERY, KAREN TOGGERY, are also appellants,

22   along with fellow JAMUL members, Jane Dumas, Joe Comacho, Gerald Mesa and Robert M.

23   Mesa, in a pending administrative appeal before the Interior Board of Indian Appeals in Case No.

24   IBIA 00-28-A. There the Plaintiffs seek to set aside the Pacific Regional Director and the So.

25   California Agency Superintendent of the Bureau of Indian Affairs' failure to follow Chief Judge

26   Kathryn Lynn's April 22, 1998 decision as to the membership and leadership of the Jamul Indian

27   Village. The April 22, 1998 decision of the IBIA recognized Jane Dumas as the Vice-chairperson

28

1   of the village, and directed the Pacific Regional Director and the So. Cal. Agency Superintendent

2   to "assist the Village's actual members in addressing their membership and leadership problems

3   in light of this" Board's prior determinations. 32 IBIA 167-68.

4       6. The IBIA also found on October 26, 1996, in Case No. 97-7-A, that it is a violation of

5   the IBIA's prior rulings for the Regional Director or the Agency Superintendent to recognize

6   subsequent purported election results of the Jamul Indian Village, until the membership dispute

7   has been resolved; "once an appeal is filed with the [IBIA], the BIA loses jurisdiction over the

8   matter except to participate in the appeal as a party. See Hammerberg v. Acting Portland Area

9   Director 24 IBIA 78 (1993)."

10      7. Therefore, since the remand of what the IBIA describes as "the membership and

11  leadership"dispute has not reached a final decision, even yet, the only government of the Jamul

12  Indian Village that has been lawfully recognized by the highest ranking member of the U.S.

13  government and the Department of Interior is that elected by the Jamul Indian Village General

14  Council in 1992, where IBIA appellant Jane Dumas is Vice-Chairperson.

15      8. WALTER ROSALES, MARIE TOGGERY, Jane Dumas, the estate of Val Mesa, Joe

16  Comacho, Bernice Mesa, Vivian Flores, Leslie A. Mesa, Gerald Mesa, Robert M. Mesa, and

17  William Mesa, and the Jamul Indian Village, through its duly elected chairperson, WALTER

18  ROSALES, are also Plaintiffs before the U.S. Court of Federal Claims, Case No. 98-860-L. This

19  action seeks damages against the U.S. government for breach of contract, breach of fiduciary

20  duty, breach of trust, interference with contract and prospective economic advantage, taking,

21  accounting, and violations of civil rights. The action was stayed on April 19, 2000, pending the

22  outcome of the IBIA Case No. 00-28-A. Tribal Judge KAREN TOGGERY is not a plaintiff in

23  the Court of Claims action, since the government's failure to give her Tribal court judgment full

24  faith and credit against certain residents and non-residents of the Village remains at issue in that

25  case.

26

27

28

|   |   |
|---|---|
| 1 | **JURISDICTION** |
| 2 | 9.  Jurisdiction is alleged pursuant to 28 U.S.C. 1331, federal question, 28 U.S.C. 1346, |
| 3 | United States as a defendant, 28 U.S.C. 1361, mandamus, 28 U.S.C. 2201, declaratory |
| 4 | judgments, 28 U.S.C. 1353, claims for allotments, 25 U.S.C. 345, actions for allotments, 25 |
| 5 | U.S.C. 335, extension of provisions to allotments, 25 U.S.C. 348, trust allotments and contracts |
| 6 | touching the same, 25 U.S.C. 465, Indian Reorganization Act land acquisitions, 18 U.S.C. 1151, |
| 7 | claims arising in Indian country, and 25 U.S.C. 81, contracts with Indians. |
| 8 | **GENERAL ALLEGATIONS** |
| 9 | 10.  On September 26, 1912, J.D. Spreckel's Coronado Beach Company deeded 2.21 |
| 10 | acres of land in Jamul, California, to the Roman Catholic Bishop of Monterey and Los Angeles, a |
| 11 | corporate in sole of the State of California, "to be used for the purposes of an Indian graveyard |
| 12 | and approach thereto." A true and correct copy of that deed is attached hereto as Exhibit A. |
| 13 | 11.  From their birth, the Plaintiffs' families were occupants by sufferance, in possession |
| 14 | of certain private property, contiguous to that Indian graveyard in Jamul, California, which |
| 15 | private property was owned by the Lawrence and Donald Daley families, and the Catholic |
| 16 | Diocese. |
| 17 | 12.  During the latter part of the 1970's the Plaintiffs and their families negotiated a gift of |
| 18 | that certain property of which they were in possession from the Daley families and the Catholic |
| 19 | Diocese. The Daley families agreed to convey title to the land then occupied by the Plaintiffs to |
| 20 | the UNITED STATES in trust for the explicit benefit of those half-blood Jamul Indians then |
| 21 | occupying the property. The Daley families specifically agreed to this form of conveyance in |
| 22 | order to provide a place for the Plaintiffs and their families to live in perpetuity, protected by the |
| 23 | UNITED STATES as a trustee against all forms of alienation, trespass and infringement. |
| 24 | 13.  On December 27, 1978, Lawrence and Donald Daley, recorded a grant deed of parcel |
| 25 | 597-080-01, consisting of approximately 4.66 acres, to "the United States of America in trust for |
| 26 | such Jamul Indians of one-half degree or more Indian blood as the Secretary of the Interior may |
| 27 | designate." A true and correct copy of that deed is attached hereto as Exhibit B. |
| 28 |   |

14. This deed was recorded nearly three years before the Constitution of the Jamul Indian
Village was adopted, and three years before the Congress of the United States recognized the
creation of the Jamul Indian Village under the Indian Reorganization Act of 1934. This deed was
accepted by the UNITED STATES on December 21, 1978, pursuant to Section 5 of the Indian
Reorganization Act of 1934, 25 U.S.C. 465. The Plaintiffs thereby became entitled to this
allotment of land under Section 5 of the Indian Reorganization Act of 1934, 25 U.S.C. 465, and
the General Allotment Act of 1887, as amended in 1894, 25 U.S.C. 345.

15. On May 9, 1981, Plaintiff WALTER ROSALES, certified on behalf of the election
board, that sixteen of twenty three registered voters adopted the Jamul Indian Village
constitution. The UNITED STATES acknowledged the adoption of the constitution on July 7,
1981, and the Congress of the UNITED STATES recognized the Jamul Indian Village by
publication in the Federal Register on November 24, 1982. When the Jamul Indian Village was
created on May 9, 1981, under the terms of the Indian Reorganization Act of 1934, it was a
landless governmental entity. To date, the UNITED STATES has not set aside or created an
Indian reservation for the Jamul Indian Village.

16. Subsequently, the Catholic Diocese agreed to provide certain land to the Jamul
Indian Village for the purpose of maintaining the road and utilities to the Indian graveyard,
provided for by the original Coronado Beach Company deed to the Catholic Diocese.

17. On July 27, 1982, the Roman Catholic Bishop of San Diego, successor to the Roman
Catholic Bishop of Monterey and Los Angeles, a corporation sole, recorded a grant deed of
parcel 597-080-02, consisting of approximately 1.372 acres, to "the United States of America in
trust for the Jamul Indian Village." A true and correct copy of that deed is attached hereto as
Exhibit C. Excepted therefrom was that portion of the Coronado Beach Company land grant,
consisting of the approximately .838 acre Indian graveyard, to which the Catholic Diocese retains
title. The grantor also explicitly reserved "to himself and his successors or assigns an easement
for (1) utility service lines and (2) ingress and egress over the existing well-traveled road," which

1  extends the entire length of the 1.372 acres from California State Highway 94 to the Indian

2  graveyard.

3      18. On February 5, 2001, the UNITED STATES took action, and first published notice,

4  denying Plaintiffs' entitlement and excluding them from their allotment of land in parcel 597-

5  080-01.

6      19. The Defendants denial of Plaintiffs' entitlement and exclusion from their allotment

7  of land has caused the Plaintiffs severe property damage, consequential damages, physical and

8  bodily injury, including severe emotional distress, all in excess of the jurisdictional limit of this

9  court, subject to proof at trial. These acts have unduly interfered with the Plaintiffs' rights to the

10  quiet enjoyment of their allotment of land, and interfered with the Plaintiffs' civil rights to due

11  process and equal protection of the laws.

12      20. Plaintiffs have been greatly and irreparably damaged by reason of Defendants'

13  infringement and violation of their property and civil rights, and unless Defendants are enjoined

14  by this court, they will continue their violation of Plaintiffs' property and civil rights, further

15  irreparably harming the Plaintiffs.

16      21. As a result of the wrongful conduct of the defendants as herein alleged, Plaintiffs are

17  entitled to a temporary, preliminary and permanent injunction to prevent great and irreparable

18  injury resulting from the infringement and violation of their property and civil rights, from the

19  likelihood that Defendants will be unable to respond in damages, and from the difficulty or

20  impossibility to ascertain the exact amount of personal bodily injury and property damage

21  Plaintiffs have sustained, and will in the future sustain. These ongoing and continuing injuries

22  sustained by Plaintiffs cannot be fully compensated in damages and Plaintiffs are without an

23  adequate remedy at law without the imposition of the requested equitable injunctive relief.

24  **FIRST CLAIM FOR RELIEF**

25  (Declaratory and Injunctive Relief for Denial of Entitlement to Allotment)

26      22. Plaintiffs incorporate by reference paragraphs 1 through 21 of this complaint as

27  though fully set forth herein.

28

-6-

23. Plaintiffs are entitled to an allotment of parcel 597-080-01, under the Indian Reorganization Act of 1934, and the General Allotment Act of 1887.

24. Defendants have denied the Plaintiffs' their entitlement and excluded them from their allotment of land in parcel 597-080-01.

25. An actual controversy has arisen and now exists between Plaintiffs and Defendants regarding their respective rights, duties and obligations in that Plaintiffs contend that Defendants are liable to Plaintiffs for the statutory, contractual, and tortious deprivations of their property and civil rights alleged herein, and defendants deny such liability to Plaintiffs.

26. Plaintiffs desire a judicial determination of the respective rights of Plaintiffs and Defendants.

27. Such a declaration is necessary and appropriate at this time so that the parties may ascertain their rights and duties with respect to each other.

28. Plaintiffs have been greatly and irreparably damaged by reason of said Defendant's statutory, contractual, and tortious deprivations of Plaintiffs' property and civil rights alleged herein, and unless Defendants are enjoined by this court, they will continue the violation of Plaintiffs' rights further irreparably harming the Plaintiffs.

29. As a result of the wrongful conduct of said defendants as herein alleged, Plaintiffs are entitled to a temporary, preliminary and permanent injunction to prevent great and irreparable injury resulting from the infringement and violation of their property and civil rights, from the likelihood that Defendants will be unable to respond in damages, and from the difficulty or impossibility to ascertain the exact amount of personal bodily injury and property damage Plaintiffs have, and will in the future, sustain. These ongoing and continuing injuries sustained by Plaintiffs cannot be fully compensated in damages and Plaintiffs are without an adequate remedy at law without the imposition of the requested equitable injunctive relief.

**WHEREFORE** Plaintiffs pray for judgment as follows:

1. That the court declare that Plaintiffs became entitled to the allotment of parcel 597-080-01, pursuant to Section 5 of the Indian Reorganization Act of 1934, 25 U.S.C. 465,

1    upon the December 27, 1978 recordation of the grant deed by Lawrence and Donald Daley to

2    "the United States of America in trust for such Jamul Indians of one-half degree or more Indian

3    blood as the Secretary of the Interior may designate."

4         2.      That Defendants, and their officers, agents, servants, employees and attorneys and

5    all persons in active concert with them, or any of them, be compelled to issue to Plaintiffs a trust

6    patent for parcel 597-080-01;

7         3.      That Defendants, and their officers, agents, servants, employees and attorneys and

8    all persons in active concert with them, or any of them, be temporarily, preliminarily and

9    permanently enjoined from further denying their entitlement to the allotment of parcel 597-080-

10    01;

11        4.      That Defendants, and their officers, agents, servants, employees and attorneys and

12    all persons in active concert with them, or any of them, be temporarily, preliminarily and

13    permanently enjoined from further excluding the Plaintiffs from their allotment of parcel 597-

14    080-01;

15        5.      That the court declare that the Defendants are liable for money damages for

16    deprivation of the use and benefit by Plaintiffs of the allotted parcel 597-080-01;

17        6      That Plaintiffs be awarded their reasonable attorneys' fees, costs, and expenses in

18    this action; and

19        7.      That Plaintiffs be awarded such other and further relief as this court may deem

20    just and proper.

21                                 **JURY DEMAND**

22       Plaintiffs hereby demand trial by jury.

23    Dated: May 28, 2001             **WEBB & CAREY**

24

25

                         Patrick D. Webb, Attorneys for Plaintiffs

26                          WALTER ROSALES, MARIE TOGGERY and

27                          KAREN TOGGERY

28

Legal Tabs Co. 1-800-322-3022

Recycled    Stock # EXA-5-B

# DEED
# SEPTEMBER 26, 1912

Photographed by T. FADER, Deputy Recorder

On this 6th day of September, A.D. 1922, before me, Ira B. Mathews, a Notary Public in and for said County, residing therein, duly commissioned and sworn, personally appeared Ed Fletcher, personally known to me to be the person described in and whose name is subscribed to the within instrument, as attorney in fact of Charles B. Gould, and acknowledged to me that he subscribed the name of Charles B. Gould, thereto as principal, and his own name as attorney in fact.

In witness whereof I have hereunto set my hand and affixed my official seal the day and year in this Certificate first above written.

        Ira B. Mathews
        Notary Public in and for the County of
        San Diego, State of California

Recorded at Request of R C Sparks (S D Webb) Sep 26, 1922, at 10 min. past 10 o'clock A.M.

        John H. Ferry, County Recorder
Fee $.10   COMPARED  Harold I. Anguor  By W. Howard Ferry, Deputy Recorder

---

Coronado Beach Company, a corporation, of the City of San Diego, county of San Diego, State of California,

For and in consideration of the sum of One Dollar, Does hereby Grant to The Roman Catholic Bishop of Monterey and Los Angeles, a corporation sole, of the State of California to be used for the purposes of an Indian graveyard and approach thereto, All that Real Property situated in the County of San Diego, State of California, bounded and described as follows:

Commencing at a point on the north boundary line of the Rancho Janal, distant 648.5 feet east from the Rancho Janal corner No. 16; thence east along said north boundary line 383.1 feet to a point on the Westerly line of County Road; thence South 48° 15' east along said westerly line of County Road 362 feet to a point; thence west 044.7 feet to a point; thence south 58.0 feet to a point, thence south 56° 45' west 7040 feet to a point; thence south 45° 35' west 58.5 feet to a point; thence south 50.9 feet to a point, thence west 840.2 feet to a point; thence north 237.0 feet to the point of beginning; containing 2.21 acres.

To have and to hold the above granted and described premises unto the said Grantee, his successors and assigns forever, for the purposes above specified.

In witness whereof, said corporation has caused this deed to be signed by its Vice President, and Secretary and its corporate seal to be affixed hereto, this 11th day of July 1912.

        Coronado Beach Company

Photographed By T. FADER, Deputy Recorder

in presence of _____ and Harry S. Titus _____ Secretary

State of California } ss.
County of San Diego

On this 11th day of July in the year one thousand nine hundred and twelve before me Fred G. Whitehead, a Notary Public in and for said County, personally appeared W. Clayton known to me to be the Vice President, and Harry S. Titus known to me to be the Secretary of the Corporation that executed the within instrument, known to me to be the persons who executed the within instrument on behalf of the corporation therein named, and acknowledged to me that such corporation executed the same.

Fred G. Whitehead
Notary Public in and for the County of San Diego, State of California

Recorded at Request of Father E. Lapointe, Sep 26, '12, at 30 min past 10 o'clock A.M.

John H. Ferry, County Recorder
By Harold Angier, Deputy Recorder

COMPARED
Harold I. Angier

Sec. 8, 90

---

This Indenture made this 27th day of August 1912, Between Chase & Ludington, a Corporation, duly organized, existing and doing business under and by virtue of the laws of the State of California and having its principal place of business at the City of San Diego, County of San Diego, State of California, the party of the first part, and L. May Taber party of the second part, Witnesseth:—

That said party of the first part, pursuant to a resolution duly passed at a meeting of its Board of Directors held at their office on August 27th 1912, and of record in Minute Book No 1 at page 89 et seq. for and in consideration of Ten ($10.00) Dollars, gold coin of the United States of America to it in hand paid by said party of the second part, the receipt whereof is hereby acknowledged, has granted, bargained, sold and conveyed, and by these presents does grant, bargain, sell and convey unto the said party of the second part, her heirs and assigns forever, subject however to the County and State taxes of 1912 and the covenants and conditions hereinafter named, all that certain real property situate in the City of San Diego, County of San Diego, State of California, bounded and described as follows, to wit:

Lots Nine (9) and Ten (10), Block Forty-three (43) of La Jolla Park according to map thereof No 352, filed in the office of the

Legal Tabs Co. 1-800-322-3022

Recycled   Stock # EXA-5-B

# DEED
# DECEMBER 27, 1978

RECORDING REQUESTED BY

AND WHEN RECORDED MAIL TO

Name / Street / Address / City & State
Bureau of Indian Affairs
Southern California Agency
5750 Division Street, Suite 201
Riverside, California 92506

FILE/PAGE NO.
BOOK 1978
RECORDED REQUEST OF
GRANTEE

DEC 27    1 49 PM '78

OFFICIAL RECORDS
RECORDER
SAN DIEGO COUNTY, CALIF.

SURVEY
MONUMENT
PRESERVATION
USSP FEE
$10.00

$5.00

SPACE ABOVE THIS LINE FOR RECORDER'S USE

TAX ROLL PARCEL NO. 597-080-01

DOCUMENTARY TRANSFER TAX $ —0—
_____ COMPUTED ON FULL VALUE OF PROPERTY CONVEYED.
_____ OR COMPUTED ON FULL VALUE LESS LIENS AND
ENCUMBRANCES REMAINING AT TIME OF SALE.
Signature of Declarant or Agent determining tax. Firm Name

# GRANT DEED

THIS INDENTURE made the _____ day of _____ 19___

BETWEEN  Donald L. Daley and Lawrence A. Daley

, the parties of the first part

and The United States of America in trust for such Jamul Indians of one-half degree
or more Indian blood as the Secretary of the Interior may designate
, the parties of the second part.

WITNESSETH: That the said parties _____ of the first part, ~~xxxxxxxxxxxxx~~

~~xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx~~ _____ ~~xxxxxxxxxxxxxxxxxxx~~

~~xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx~~ do_____ by these presents, GRANT

for a valuable consideration _____ unto the said parties of the second part,

and to _____ their _____ heirs and assigns forever, all that certain ~~lots~~ ~~xxxx~~ _____ or

parcel_____ of land, situate, lying and being in the _____ County of

_____ San Diego _____, and State of _____ California _____ and bounded and particularly described

as follows, to-wit:  SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

ACCEPTANCE OF CONVEYANCE BY THE UNITED STATES IS TO BE ATTACHED
HERETO AS EXHIBIT "B" AND RECORDED WITH THIS DEED.
THIS CONVEYANCE IS MADE IN ACCORDANCE WITH SECTIONS 5 AND 19 OF
THE INDIAN REORGANIZATION ACT OF JUNE 18, 1934 (48 Stat. 985 and
988; 25 U.S.C. 465 and 479) AND MADE SUBJECT TO EASEMENTS AND
RIGHTS-OF-WAY OF RECORD IN FAVOR OF THE PUBLIC OR THIRD PARTIES.

TOGETHER with all and singular the tenements, hereditaments and appurtenances thereunto belonging, or in anywise appertaining, and the reversion and
reversions, remainder and remainders, rents, issues and profits thereof.

TO HAVE AND TO HOLD, all and singular the said premises, together with the appurtenances, unto the said parties of the second part,

and to _____ their _____ heirs and assigns forever.

IN WITNESS WHEREOF, the said parties of the first part have hereunto set their _____ hand____

and seal s the day and year first above written.

X _____

X _____
Donald L. Daley and Lawrence A. Daley

STATE OF CALIFORNIA,

County of  San Diego                    } ss.

On _____ December 12, 1978 _____, before me, the undersigned, a Notary Public in and for said

State, personally appeared _____ Lawrence A. Daley and Donald L. Daley _____

known to me to be the person s whose name s are subscribed to the within instrument and acknowledged that_____ they _____
executed the same.

WITNESS my hand and official seal.

OFFICIAL SEAL
L. D. ARTHUR
NOTARY PUBLIC
SAN DIEGO COUNTY
My Commission Expires April 9, 1982

_____
Notary Public in and for said State.

Title Order No._____

Escrow or Loan No._____

MAIL TAX
STATEMENTS TO_____
NAME                    ADDRESS                    ZIP

78-554597

DEED—GRANT—Wolcotts Form 776
REV. 2-70

This standard form covers most usual problems in the field indicated. Before you sign, read it
and make changes proper to your transaction. Consult a lawyer if you doubt the form's fitness.

All that portion of Rancho Jamul, in the County of San Diego, State of California, according to L.S. Map thereof No. 430, filed in the Office of the Recorder of said San Diego County, May 28, 1931, more particularly described as follows:

Beginning at corner R.J. 16 as shown on said L.S. Map No. 430; thence along the Northerly line of said Rancho Jamul S. 88°42'00" E., 529.24 feet (record N. 88°42' W., 530.52 feet) to the Westerly line of that certain parcel of land noted Indian Cemetery on said L.S. Map No. 430; thence along said Westerly line S. 01°20'53" W., 239.66 feet (record N. 01°18' E., 239.0 feet) to the Southwest corner of said Indian Cemetery; thence along the Southerly line of said Indian Cemetery S. 88°39'07" E., 83.55 feet (N. 88°42' W., 83.5 feet) to the TRUE POINT OF BEGINNING; thence continuing along said Southerly line as follows: N. 01°20'53" E., 59.94 feet (record S. 01°18' W., 59.9 feet); N. 44°50'53" E., 88.55 feet (record S. 44°48' W., 88.5 feet); N. 87°54'53" E., 665.17 feet (record S. 87°52' W., 664.77 feet); N. 01°20'53" E., 58.04 feet (record S. 01°18' W., 58.0 feet); S. 88°42'00" E., 598.46 feet to the Southwesterly line of Campo Road said point being on a 555.59 foot radius curve concave Southwesterly, a radial line from said points bears S. 47°16'18" W.; thence Southeasterly along the arc of said curve, through a central angle of 03°29'08" a distance of 33.80 feet; thence leaving said Southwesterly line N. 88°42'00" W., 338.54 feet; thence S. 21°58'02" E., 257.03 feet; thence N. 86°48'26" W., 721.24 feet; thence N. 86°21'37" W., 388.78 feet to the TRUE POINT OF BEGINNING, said described land consisting of 4.66 acres, more or less.

EXHIBIT "A" TO DEED FROM DONALD L. DALEY AND LAWRENCE A. DALEY DATED DECEMBER 12, 1978.

78-554597



UNITED STATES
## DEPARTMENT OF THE INTERIOR
BUREAU OF INDIAN AFFAIRS
Sacramento Area Office
2800 Cottage Way
Sacramento, California 95825

ACCEPTANCE OF CONVEYANCE

The United States of America, acting through the undersigned, an

authorized representative of the Secretary of the Interior, does

hereby accept the conveyance made by Donald L. Daley and Lawrence

A. Daley in that certain Grant Deed dated December 12, 1978.

Said Grant Deed, with this Acceptance of Conveyance attached, shall

be recorded in the Official Records of San Diego County,

California.

Date: __DEC 21 1978__          _Charles E. Tuyubo Jr._
                               ACTING    Area Director

                               Pursuant to the authority delegated
                               by 230 DM 1, 10 BIAM 2 (39 F.R.
                               32166) and 10 BIAM 3.1 (34 F.R.
                               637).


State of California )
                    ) SS.
County of Sacramento)

On this _21st_ day of _December_ , _1978_ , before me, the undersigned,

a Notary Public in and for said State, personally appeared _____

_Charles L. Tuyubo Jr._ , known to me to be the person

whose name is subscribed to the within Acceptance of Conveyance and

acknowledged to me that he executed the same for the United States

of America.

IN WITNESS WHEREOF, I have hereunto set my hand and seal this date.

CARMEN G. FACIO
NOTARY PUBLIC
My Commission Expires

EXHIBIT "B" TO DEED FROM
DONALD L. DALEY AND          _Carmen D. Facio_
LAWRENCE A. DALEY DATED
DECEMBER 12, 1978.

_____ , before me, the undersigned, a Notary Public in and for said

State, personally appeared _____ Lawrence A. Daley and Donald L. Daley


known to me to be the person_s_ whose names are subscribed to the within instrument and acknowledged that ___ they ___
executed the same.
WITNESS my hand and official seal.

L. D. ARTHUR
NOTARY PUBLIC
SAN DIEGO COUNTY
My Commission Expires April 9, 1962          _L. D. Arthur_

Title Order No. ___                                   Notary Public in and for said State.

                                              Escrow or Loan No. ___

MAIL TAX
STATEMENTS TO ___
            NAME              ADDRESS              ZIP

DEED—GRANT—WOLCOTTS FORM 778
REV 2-70

78-554597

Legal Tabs Co. 1-800-322-3022

Recycled  Stock # EXA-5-B

**EXHIBIT C**

# DEED
# JULY 27, 1982

TAX ROLL PARCEL NO.
-597-080-02  Code Area #79019

GRANT DEED

DOCUMENTARY TRANSFER TAX $ _0_

_William H. Pinson_
TAX SIGNATURE

I, The Roman Catholic Bishop of San Diego, hereby grant to the United States of America in trust for the Jamul Indian Village all that land situated in the County of San Diego, California, more particularly described as follows:

All that portion of Rancho Jamul described in Deed to the Roman Catholic Bishop of Monterey and Los Angeles recorded September 12, 1912 in Book 567, Page 332, in the Office of the County Recorder of San Diego County, California; EXCEPTING THEREFROM a piece of of land described as follows: Commencing at Rancho Jamul Corner No. 16; thence N. 88°42' E., 739.37 feet to the true point of beginning as shown on Record of Survey Map No. 8138, filed December 2, 1976 in the Office of said County Recorder; thence S. 1°18' W., 111.77'; thence S. 87°55'28" W., 65.81'; thence S. 44°51'28" W., 88.60'; thence S. 1°19'25" W., 59.80'; thence N. 88°41'06" W., 83.66'; thence N. 1°24'08" E., 239.63'; thence N. 88°42' E., 210 feet to the True Point of Beginning, containing 0.838 acre, more or less. The parcel granted to the Jamul Indian Village contains 1.372 acres, more or less.

The grantor reserves to himself and his successors or assigns an easement for (1) utility service lines and (2) ingress and egress over the existing well-traveled road, or over any road that subsequently is built to replace the existing one.

IN WITNESS WHEREOF, The Roman Catholic Bishop of San Diego, grantor, herein have hereunto affixed his name this _25th_ day of _May_, 1982.

82-229256

RECORDED IN
OFFICIAL RECORDS
OF SAN DIEGO COUNTY, CA.

1982 JUL 27  AM 9 45

VERA L. LYLE
COUNTY RECORDER

RF 4
MG
TXPD 10
UF —

ROMAN CATHOLIC BISHOP OF SAN DIEGO
a corporation sole,

Incumbent

STATE OF CALIFORNIA )
                     ) ss.
COUNTY OF SAN DIEGO )

On this 25th day of _May_, 1982, before me _Ch. Guittard_, a Notary Public in and for said County and State, personally appeared LEO T. MAHER, known to me to the Roman Catholic Bishop of San Diego and to be the Incumbent of the corporation sole that executed the within instrument and acknowledged to me that said corporation sole executed the same.

WITNESS my hand and official seal.

Notary Public in and for said County and State

OFFICIAL SEAL
C.H. GUITTARD
NOTARY PUBLIC-CALIFORNIA
PRINCIPAL OFFICE IN
SAN DIEGO COUNTY
My Commission Expires Aug. 27, 1984

ACCEPTANCE OF CONVEYANCE BY THE UNITED STATES IS TO BE ATTACHED HERETO AS EXHIBIT "A" AND RECORDED WITH THIS DEED. THIS CONVEYANCE IS MADE IN ACCORDANCE WITH SECTIONS 5 and 19 OF THE INDIAN REORGANIZATION ACT OF JUNE 18, 1934 (48 Stat. 985 and 988; 25 U.S.C. 465 and 479).

82- No 229256





TAX ROLL PARCEL NO.

54

IN REPLY REFER TO:



Ast No. 1

# UNITED STATES
## DEPARTMENT OF THE INTERIOR
### BUREAU OF INDIAN AFFAIRS
SOUTHERN CALIFORNIA AGENCY
5750 DIVISION STREET, SUITE 201
RIVERSIDE, CALIFORNIA 92506-3286

ACCEPTANCE OF CONVEYANCE

The United States of America, acting through the undersigned, an authorized representative of the Secretary of the Interior, in accordance with Sections 5 and 19 of the Indian Reorganization Act of June 18, 1934 (48 Stat. 985 and 988; 25 U.S.C. 465 and 479), does hereby accept the conveyance made by The Roman Catholic Bishop of San Diego in that certain Grant Deed dated May 25, 1982.

Said Grant Deed, with this Acceptance of Conveyance attached, shall be recorded in the Official Records of San Diego, California.

Date: July 2, 1982

*Frank L. Haggerty Jr.*
Acting Superintendent
Pursuant to the authority
delegated by 230 DM 1, 10 BIAM 2
(39 F.R. 32166) and 10 BIAM 3.1
(34 F.R. 637), and Sacramento
Area Office Redelegation Order 1
(43 F.R. 30131).

STATE OF CALIFORNIA)
                    ) SS.
COUNTY OF RIVERSIDE)

On this 2nd day of July, 1982, before me, the undersigned, a Notary Public in and for said State, personally appeared Frank L. Haggerty, Jr., known to me to be the person whose name is subscribed to the within Acceptance of Conveyance and acknowledged to me that he executed the same for the United States of America.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal this date.

*Arlene J. Lacy*
Notary Public in and for said State

EXHIBIT "A" TO DEED FROM
THE ROMAN CATHOLIC BISHOP
OF SAN DIEGO DATED May 25,
1982.

Return to:

RECORDING REQUESTED BY
MAIL TAX STATEMENT TO:
(Please print name & address)

OFFICIAL SEAL
ARLENE J. LACY
NOTARY PUBLIC
RIVERSIDE CO., CALIF.
My commission expires 10-27-83

DEPT. OF THE INTERIOR
5750 DIVISION ST. SUITE 201
RIVERSIDE          CA 92506

Nº 229256

82-

SAN DIEGO COUNTY
My Commission Expires Aug. 27, 1984

ACCEPTANCE OF CONVEYANCE BY THE UNITED STATES IS TO BE ATTACHED HERETO AS EXHIBIT "A" AND RECORDED WITH THIS DEED. THIS CONVEYANCE IS MADE IN ACCORDANCE WITH SECTIONS 5 and 19 OF THE INDIAN REORGANIZATION ACT OF JUNE 18, 1934 (48 Stat. 985 and 988; 25 U.S.C. 465 and 479).

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Walter Rosales Marie Toggery
Karen Toggery

01 MAY 30 PH 2: 26
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

**DEFENDANTS**

United States of America

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)     DEPUTY

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Patrick D. Webb 82857
Webb & Carey
401 B 306 San Diego CA 92101 619-236-1650

ATTORNEYS (IF KNOWN)

'01 CV 0951 IEG (JAH)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)     AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | ☐ 370 Other Fraud | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 371 Truth in Lending | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 380 Other Personal | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | Property Damage | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 385 Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | Product Liability | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| | | | ☐ 730 Labor/Mgmt. Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **HABEAS CORPUS:** | | | Under Equal Access to Justice |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | or Defendant) | State Statutes |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | Security Act | ☐ 871 IRS — Third Party | ☒ 890 Other Statutory Actions |
| | | ☐ 550 Civil Rights | | 26 USC 7609 | 25 USC 345 |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

25:0640 (JPP)

Declaratory and injunctive relief under 28 USC 1353 and 25 USC 345

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES   ☐ NO

## VIII. RELATED CASE(S) (See instructions):
IF ANY     JUDGE _____   DOCKET NUMBER _____

DATE  5-29-01

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY  CB 05/30/01

RECEIPT #  71683   AMOUNT  $150   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____