UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| WALTER J. ROSALES, ESTATE OF HELEN CUERO, ESTATE OF DEAN ROSALES, P.O. Box 85, Jamul, California, 91935 ) ) ) ) ) | CASE NUMBER:   1:07 CV 00162<br><br>JUDGE:   Rosemary M. Collyer<br><br>DECK TYPE:   Tribal Rights |
| KAREN TOGGERY, ESTATE OF MARIE TOGGERY, ESTATE OF MATTHEW TOGGERY, P.O. Box 375, Jamul, California, 91935 ) ) ) ) ) | DATE STAMP:<br><br>PLAINTIFFS' OPPOSITION TO MOTION TO FILE AS AMICUS CURIAE |
| JAMUL INDIAN VILLAGE, a federally recognized Indian tribe, P.O. Box 612, Jamul, California, 91935. ) ) ) ) | |
| Plaintiffs, ) | |
| vs. ) | |
| UNITED STATES OF AMERICA, Department of Justice and its divisions, including but not limited to, DEPARTMENT OF THE INTERIOR, by and through Secretary DIRK KEMPTHORNE, in his official capacity, ) ) ) ) ) ) ) ) | |
| BUREAU OF INDIAN AFFAIRS, by and through Assistant Secretary of Indian Affairs, JAMES E. CASON, in his official capacity. ) ) ) ) ) | |
| Defendants. ) | |

**PLAINTIFFS' OPPOSITION TO MOTION TO FILE AS AMICUS CURIAE**

Plaintiffs in the instant matter, namely the Jamul Indian Village, Walter J. Rosales, Karen Toggery, and the respective Estates of Helen Cuero, Dean Rosales, Marie Toggery, and Matthew Toggery, hereby oppose and object to the March 5, 2007 Motion for Leave to File Memorandum as *Amicus Curiae* (the "Opposing Faction Motion for Leave"), submitted by the law firm Dorsey

& Whitney on behalf of a faction opposed to the underlying litigation and purporting to represent the Jamul Indian Village (the "Opposing Faction").

The Court should deny the Dorsey & Whitney Motion for Leave. The factors considered by federal courts in deciding whether to allow participation by amici curiae demonstrate that the relief sought is improper: (1) the motion is untimely; (2) the motion is opposed; (3) the Opposing Faction is not impartial to this litigation; (4) the government provides adequate representation of all affected minority and majority interests; and, most importantly, (5) the motion is an attempt by the Opposing Faction to avoid this Court's jurisdiction (and therefore any final judgment), but at the same time to argue the merits of the underlying litigation. Moreover, movants failed to comport with the Local Rules' requirement that attorneys confer in good faith prior to filing a nondispositive motion, making only a cursory and untimely effort to do so. The Court should therefore reach a determination as to the critical issue of the preliminary injunction based only upon the briefing of the actual parties to this litigation, without consideration of the Dorsey & Whitney Motion for Leave.[1]

###    I.    BACKGROUND

Plaintiffs continue to face the immediate and irreparable threat of knowing and willful mutilation, desecration, and disinterment of the Plaintiffs' Native American human remains and associated funerary objects, in violation of the federal NAGPRA regulations. 25 U.S.C. §§ 3001 et seq.; 43 C.F.R. §§ 10.1-10.17. In order that the Court can consider the Opposing Faction's motion for leave to file as amicus curiae with the benefit of full briefing and on a regular

---

[1] In any event, even if the Court decides to grant Dorsey & Whitney's clients some form of leave to file their memoranda, Plaintiffs should be permitted the statutory time to respond to the numerous misleading and inaccurate representations by Dorsey & Whitney concerning facts to Plaintiffs' related litigation over the last 12 years and, incidentally, to this case.

schedule, the Plaintiffs' Native American human remains and funerary objects should be protected from the irreparable injury that would result from unnecessary grading of the parcels at issue. Instead, the Opposing Faction improperly seeks to summarily appear in this action as amicus, deliberately attempting to avoid submitting to the jurisdiction of the court and thereby avoid being bound by any ruling on the issues it seeks leave to brief.

Moreover, the procedural posture of the case – there is a crucial motion for preliminary injunction pending on which the schedule for briefing has closed – belies an attempt by the Opposing Faction to lob in arguments on that issue that are immune from counterattack. Counsel for the Opposing Faction was in fact present at the hearing before the Court on Plaintiffs' motion for preliminary injunction. And the time for briefing closed on *all* outstanding issues the day the Opposing Faction submitted this motion. Notwithstanding that posture and the Opposing Faction's opportunity to be heard at the hearing (or at any time during the intervening two weeks before filing the instant motion), the Opposing Faction filed its motion at the eleventh hour, together with a lengthy brief that comprises, in its entirety, a reiteration of arguments already made by the government together with the Opposing Faction's prejudicial view of "facts." The Opposing Faction's improper and untimely attempt to skirt the Rules should be summarily denied.

## II.   ARGUMENT

### A.   The Court Should Deny the Dorsey & Whitney Motion for Leave Because Dorsey & Whitney Failed to Confer in Good Faith.

"If a party files a nondispositive motion without certifying its compliance with Rule 7(m), the motion will be denied." *Ellipso, Inc. v. Mann*, 460 F. Supp. 2d 99, 102 (D.D.C. 2006) (citing *Alexander v. FBI*, 186 F.R.D. 185, 187 (D.D.C. 1999)). In submitting its Motion for Leave, the

3

Opposing Faction failed to comport with Local Rule 7(m), which imposes a duty to "discuss the anticipated motion with opposing counsel . . . in a good faith effort to determine whether there is any opposition" and "to narrow the areas of disagreement." LCvR 7(m). Further, such motions "shall include . . . a statement that the required discussion occurred, and a statement as to whether the motion is opposed." *Id.*

Dorsey & Whitney's assertion that it "attempted to reach attorney Patrick Webb" one business day before filing its motion (Opposing Faction Mot. for Leave at 2), does not suffice notwithstanding that it "appears to be an attempt to comply with Local Civil Rule 7(m)." *Ellipso*, 460 F. Supp. 2d at 102. In *Ellipso*, the District Court explained that "[t]he Local Rule requires that the parties 'try[ ] in good faith to achieve its objectives,' which means they must take 'real steps to confer.'" *Id.* (citing *United States ex rel. K & R Limited Partnership v. Massachusetts Housing Fin. Agency*, 456 F.Supp.2d 46, 52 (D.D.C. 2006)). In other words, "[t]he Rule requires, however, *at the absolute minimum*, that counsel 'discuss the anticipated motion' and that they do so 'in person or by telephone.'" *Id.* (emphasis added) (citing to the local rule). Thus, where counsel's certification of good faith conferral does not so much as "hint that they have discussed the motions in person or by phone, as required," *id.*, the motion will be denied because the parties have not complied with Local Civil Rule 7(m). Moreover, Plaintiffs in this case are currently represented by four counsel of record, only one of whom Movants appear to have attempted to contact at all prior to filing their motion. Accordingly, the Opposing Faction's Motion for Leave should be denied outright.

> **B.** **Each of the Factors Considered by Federal Courts in Deciding a Motion to File as Amicus Curiae Demonstrates that the Relief Sought Is Improper.**

While the Court has discretion to allow individuals to appear before it, there is no right to

4

file an amicus brief in a federal trial court. *Fluor Corp. v. United States*, 35 Fed. Cl. 284, 285 (Fed. Cl. 1996); *American Satellite Co. v. United States,* 22 Cl. Ct. 547, 549 (1991). When making the decision whether to allow participation by amici curiae, federal courts consider the following factors: (1) timeliness, (2) opposition of the parties, (3) partisanship, (4) adequacy of representation, and (5) whether the movants are seeking to argue their case, without submitting to the jurisdiction or being bound by any judgment of the court as a real party. *See Fluor,* 35 Fed. Cl. at 285; *Am. Satellite*, 22 Cl. Ct. at 549. Here, each factor supports denying Dorsey & Whitney's motion for leave to file an amicus brief on behalf of the opposing faction.

**1.    The Court Should Deny the Dorsey & Whitney Motion for Leave Because It Is Untimely.**

First, the Court should deny the Dorsey & Whitney Motion for Leave on the simple basis that it is untimely, so much so as to be manifestly unfair to Plaintiffs as well as contrary to the Local Rules and the schedule ordered by this Court. The courts of this district regularly deny motions as untimely for failing to observe applicable filing deadlines without leave to do so. *E.g.*, *DL v. District of Columbia*, 450 F. Supp. 2d 11, 19-20 (D.D.C. 2006) (Lamberth, J., denying defendants' motion as untimely filed without leave). That maxim, which contemplates conduct by litigants who have submitted to the Court's jurisdiction, operates with greater proscriptive effect against persons who seek to obtain the benefits of this Court's authority while refusing to be bound by its jurisdictional authority.

Opposition briefs to Plaintiffs' preliminary injunction motion were due on February 15, 2007, two and a half weeks before the instant motion was filed. Yet the Opposing Faction at no time filed a motion for leave to submit an opposition after the filing deadline. And the Opposing

Faction still has not so moved, even in filing the motion itself.[2] It would appear that the Opposing Faction presumes it can submit filings at any time in regard to any issue in this case regardless of the filing deadlines imposed by the Court which bind the litigants whose rights are to be adjudicated.

Timeliness is a particularly important issue here, where a preliminary injunction is necessary to prevent imminent irreparable harm to Plaintiffs. "The parties before the court should have their dispute resolved without any unnecessary delay. It would be unacceptable for an amici brief to cause a prolonged delay in the litigation. *See Leigh v. Engle*, 535 F. Supp. 418, 420 (N.D. Ill. 1982); *Fluor*, 35 Fed. Cl. at 286.

### 2. The Court Should Deny the Motion for Leave Because It Is Opposed.

Opposition to the filing of an amicus brief is given great weight by a federal court. *United States v. Winkler-Koch Eng. Co.*, 209 F.2d 758, 760 (C.C.P.A. 1953); *Fluor*, 35 Fed. Cl. at 285. Plaintiffs here strongly oppose movants' request for leave to file an amicus brief.

### 3. The Court Should Deny the Motion for Leave Because the Opposing Faction Is Not Impartial to this Litigation.

"[A]micus curiae" is defined as one who interposes "in a judicial proceeding to assist the court by giving information, or otherwise, or who conduct[s] an investigation or other proceeding on request or appointment therefor by the court." 4 Am. Jur. 2d, Am. Cur. § 1, at 109 (1962). *See Leigh*, 535 F. Supp. at 419-20. Its purpose is to provide impartial information on matters of law about which there is doubt, especially in matters of public interest. *Miller-Wohl Co. v. Commissioner of Labor & Indus., State of Montana*, 694 F.2d 203, 204 (9th Cir. 1982); 4 Am.

---

[2] Plaintiffs note that the Opposing Faction appears to have remained fully aware of the case schedule in this litigation, with counsel from Dorsey & Whitney appearing in person at the at the February 16, 2007 hearing on

Jur. 2d, Am. Cur. 1, 2 at 109-10; *Leigh*, 535 F. Supp. at 420. The orthodox view of amicus curiae was, and is, that of an impartial friend of the court - not an adversary party in interest in the litigation. *Miller-Wohl*, 694 F.2d at 204.

Therefore, "trial courts . . . 'frown . . . on participation which simply allows the amicus to litigate its own views' or present 'its version of the facts.'" *Fluor*, 35 Fed. Cl. at 286 (citing *American Satellite*, 22 Cl. Ct. at 549). Here, as in *Fluor*, "movants make no pretense at impartiality, but instead have stated that they want to file as amici curiae . . . support which plaintiff does not want." *Fluor*, 35 Fed. Cl. at 286 (emphasis added). Thus, the law does not permit Dorsey & Whitney's clients to become (what at least one court recognized as) "mutant" non-parties, seeking a prejudicial effect on the litigants' substantive rights, but attempting to avoid the court's jurisdiction, collateral estoppel and res judicata effect of any final judgment in the matter briefed. *See, e.g., United States v. Michigan*, 940 F.2d 143, 164 (6th Cir. 1991). In *Michigan*,

> The district court's order [wrongfully granting amicus status to a biased interloper], by extrajudicial edict, impressed upon the United States and Michigan[, the parties to the litigation,] a third-party legal interloper . . . acting through [a] structured willing surrogate . . . all of whom had been denied real-party-in-interest status and whose efforts to achieve that end had been earlier barred by the trial court. The legal consequence of the district court's order [allowing "litigating amicus curiae"] was to achieve, by circumvention, a result that effectively and impermissibly abused all conventional laws and judicial rules of civil practice and procedure for acquiring status and rights of a named party/real party in interest, including Fed. R. Civ. P. 14 and 17 through 25.

*Id.* Where the movants still want the Court to consider their briefing as purported "friends of the court," they must, in fact, be impartial "friends of the court," and not some shadowy surrogate adversaries.

---

Plaintiffs' Motion for Preliminary Injunction. Yet counsel did not request to be heard at that time.

### 4. The Court Should Deny the Motion for Leave Because the Government Adequately Represents All Affected Minority and Majority Interests.

Notably, the Opposing Faction's arguments have already been amply made by the government in this case.[3] The Dorsey & Whitney memoranda do not raise a single issue not already raised and briefed by the government. As noted in a case cited by movants,

> [t]he bane of lawyers is prolixity and duplication, and for obvious reasons is especially marked in commercial cases with large monetary stakes. In an era of heavy judicial caseloads and public impatience with the delays and expense of litigation . . . judges should be assiduous to bar the gates to amicus curiae briefs that fail to present convincing reasons why the parties' briefs do not give . . . all the help . . . need[ed] for deciding the [case].

*Ryan v. CFTC*, 125 F.3d 1062, 1064 (7th Cir. 1997) (denying leave to file as amicus curiae). Where "amicus curiae briefs are filed by allies of litigants and duplicate the arguments made in the litigants' briefs, in effect merely extending the length of the litigant's brief," courts rule that "[s]uch amicus briefs should not be allowed." *Id*. at 1063.

Moreover, the government's ongoing trust responsibility over the tribe and its minority and majority members amply provide the Court with proper representation of all the properly cognizable interests in the enforcement of the Plaintiffs' NAGPRA rights and beneficial ownership rights, as alleged in the complaint, without consideration of the non-parties' very partisan briefing. *See, e.g.*, Dorsey & Whitney's citation of the longstanding individual Indian money claims in *Cobell v. Norton*, 246 F. Supp. 2d 59, (D.D.C. 2003), wherein Judge Lamberth

---

[3] Moreover, as set out in Plaintiffs' moving and reply papers on the motion for preliminary injunction, the opposing faction is not an indispensable party to this action – a dispute between the U.S. Government on the one hand and the legitimate majority and leadership of the tribe on the other. Pltfs. Reply at 6. The Jamul Indian Village is already a Plaintiff in this action and is already represented by counsel of record. Judge Kessler will determine the issue of legitimate membership and leadership of the Jamul tribe before the Opposing Faction can be permitted to argue for displacement of the Jamul Indian Village as a Plaintiff in this action. Until then, a preliminary injunction should still be granted pending careful resolution of the issues in this case via full and fair litigation among the actual parties to the case.

denied the tribe's motion for leave to file as amicus curiae. There, as here, at least one of the parties objected to the faction appearing as amicus, the tribe was already fully represented in separate claims, and there was insufficient justification to unduly expand the record and delay the relief sought.

### 5. The Court Should Deny the Motion for Leave Because it is an Impermissible Attempt to Simultaneously Evade this Court's Jurisdictional Reach while Litigating the Merits of the Case.

Where the movants do not want to become parties to the action by properly intervening, nor submit to the jurisdiction of the court, nor be bound by any judgment in the case, their motion for leave to file an amicus brief should be denied.

The intent and purpose of the Federal Rules should not be evaded by acts of legal legerdemain. An amicus curiae may not be – and, at least traditionally, has never been – permitted to rise to the level of a named party or real party in interest, nor has an amicus curiae been conferred with the authority of an intervening party of right without complying with the requirements of Fed. R. Civ. P. 24(a), nor accorded permissible intervention without meeting the criteria of Fed. R. Civ. P. 24(b). Only a named party or an intervening real party in interest is entitled to litigate on the merits, as Dorsey & Whitney's clients seek here. *See, e.g., Miller-Wohl*, 694 F.2d at 204; *Schneider v. Dumbarton Developers, Inc.*, 767 F.2d 1007, 1017 (D.C. Cir. 1985); *Gilbert v. Johnson*, 601 F.2d 761, 768 (5th Cir. 1979). Importantly, the Opposing Faction has had ample opportunity to intervene in this matter so as to have its voice heard, but chooses not to because doing so would prejudice any claims to sovereignty it asserts in other litigation.

### III. CONCLUSION

For the reasons stated above, the Motion for Leave to File as Amicus Curiae should be denied.

Respectfully submitted,

Dated: March 8, 2007

/s/ Louis G. Smith
William A. Isaacson, Esq., D.C. Bar No. 414788
Tanya Chutkan, Esq., D.C. Bar No. 420478
Louis G. Smith, Bar No. D00299
**BOIES, SCHILLER & FLEXNER LLP**
5301 Wisconsin Avenue, N.W. Ste 800
Washington, District of Columbia 20015
Tel  (202) 237-2727
Fax (202) 237-6131
email:  lsmith@bsfllp.com

Patrick D. Webb, Esq., Calif. Bar No. 82857
**WEBB & CAREY**
401 B Street, Suite 306
San Diego, Calif. 92101
Tel  (619) 236-1650
Fax (619) 236-1283
pwebb@webbcarey.com

Attorneys for WALTER ROSALES, KAREN TOGGERY,  JAMUL INDIAN VILLAGE, ESTATE OF HELEN CUERO, ESTATE OF DEAN ROSALES, ESTATE OF MARIE TOGGERY, ESTATE OF MATTHEW TOGGERY