UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| WALTER J. ROSALES, et al., | ) | CASE NUMBER: | 01:07 cv 00162 |
| | ) | | |
| Plaintiffs, | ) | JUDGE: | Judge Rosemary M. Collyer |
| vs. | ) | | |
| | ) | DECK TYPE: | Tribal Rights |
| UNITED STATES OF AMERICA, et al., | ) | | |
| | ) | DATE STAMP: | |
| Defendants. | ) | | |
| | ) | | |
| | ) | ERRATA REGARDING PLAINTIFFS' EMERGENCY | |
| | ) | MOTION FOR A TEMPORARY RESTRAINING ORDER | |

    Plaintiffs submit the following correction to Plaintiffs' Emergency Motion for a Temporary Restraining Order filed March 12, 2007.  Two Exhibits to accompany the Motion were inadvertently omitted from the filing:  Exhibit E, the complaint filed in <u>Jamul Indian Village v. Hunter</u>, Case No. 00698798 (Cal. Sup. Ct. for San Diego County Apr. 2, 1996), and Exhibit F, the October 21, 1998 Order of Judge Michael Bollman staying that case.  Both are attached hereto.

Dated: March 15, 2007                                       BOIES, SCHILLER & FLEXNER LLP

                                                                  /s/ Aaron J. Snow
                                                                  William A. Isaacson, Esq., D.C. Bar No. 414788
                                                                  Tanya Chutkan, Esq., D.C. Bar No. 420478
                                                                  Louis G. Smith, Esq., Bar No. D00299
                                                                  Aaron J. Snow, Esq., D.C. Bar No. 500161
                                                                  5301 Wisconsin Avenue, N.W. Ste 800
                                                                  Washington, District of Columbia 20015
                                                                  Tel  (202) 237-2727
                                                                  Fax (202) 237-6131


                                                                  WEBB & CAREY

                                                                  Patrick D. Webb, Esq., Calif. Bar No. 82857
                                                                  401 B Street, Suite 306
                                                                  San Diego, Calif. 92101
                                                                  Tel  (619) 236-1650
                                                                  Fax (619) 236-1283

                                                                  Attorneys for WALTER ROSALES, KAREN TOGGERY,

2

JAMUL INDIAN VILLAGE, ESTATE OF HELEN CUERO, ESTATE OF DEAN ROSALES, ESTATE OF MARIE TOGGERY, ESTATE OF MATTHEW TOGGERY

EXHIBIT E

Patrick D. Webb, Esq., State Bar No. 82857
WEBB, SMELKO & CAREY
350 West Ash, Suite 701
San Diego, California 92101
(619) 236-1200
fax (619) 236-1283

Attorneys For Plaintiffs

KENNETH E. MARTONE
Clerk of the Superior Court

APR 02 1996

By: JOANNE ALOSI, Deputy
BUSINESS

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

JAMUL INDIAN VILLAGE, WALTER ROSALES, JANE DUMAS, SARAH ALDAMAS, VAL MESA, ADOLPH THING, JOE COMACHO, HELEN CUERO, BERNICE MESA, VIVIAN FLORES, and MARIE TOGGERY,

Plaintiffs,

vs.

RAYMOND HUNTER, MARCIA GORING-GOMEZ, MARY ALVAREZ, LEE SHAW-CONWAY, ELEANOR MILLER, EUGENE R. MADRIGAL, and DOES 1-20,

Defendants.

Case No. 00698798

COMPLAINT ON SISTER STATE JUDGMENT

Plaintiffs JAMUL INDIAN VILLAGE, WALTER ROSALES, JANE DUMAS, SARAH ALDAMAS, VAL MESA, ADOLPH THING, JOE COMACHO, HELEN CUERO, BERNICE MESA, VIVIAN FLORES, and MARIE TOGGERY, ("PLAINTIFFS") allege:

1.   JAMUL INDIAN VILLAGE (hereinafter JAMUL) is a tribal governmental entity of Kumeyaay Mission Indians governed by a Constitution adopted pursuant to the Indian Reorganization Act of 1934, 25 U.S.C. 461 et seq., located on the Jamul Indian Reservation, in Jamul, California.

1  2.    RAYMOND HUNTER, MARCIA GORING-GOMEZ, MARY ALVAREZ, LEE
2  SHAW-CONWAY, ELEANOR MILLER, EUGENE R. MADRIGAL ("DEFENDANTS") are
3  residents of San Diego County, but **are not** enrolled members of the JAMUL INDIAN
4  VILLAGE. The BIA has never recognized these individuals as enrolled members of JAMUL.
5  RAYMOND HUNTER declares himself to be a member of the Rincon, San Luiseno Band of
6  Mission Indians, in a September 12, 1979 consent decree filed by HUNTER settling the Rincon
7  Band's claims that he wrongfully converted federal water rights on the Rincon reservation and
8  violated the Rincon water ordinance in San Diego Superior Court Case No. N10601. As a
9  declared member of the Rincon Band, HUNTER is not even qualified to be a member of JAMUL.
10 JAMUL Const. Art. III, Sec. 2.
11 3.    At all times herein mentioned, the Jamul Indian Village Tribal Court on the Jamul Indian
12 Reservation located in Jamul, California, was and now is a court of general jurisdiction created
13 pursuant to the Jamul Constitution, the U.S. Constitution, and the Indian Reorganization Act of
14 1934, 25 U.S.C. 461 et seq.
15 4.    On or about December 1, 1995, a judgment was duly given and made by the above-
16 mentioned court in favor of PLAINTIFFS. A true and correct copy of that judgment is attached
17 hereto as Exhibit A and made a part hereof. PLAINTIFFS hereby request that the Court take
18 judicial notice of the record of such judgment, pursuant to Evidence Code sections 452 and 453.
19 5.    The above-mentioned judgment has become final. It has never been vacated, modified, or
20 set aside, and the time for appeal has expired.
21 6.    According to the terms of the above-mentioned judgment, PLAINTIFFS recovered
22 judgment against DEFENDANTS, permanently enjoining DEFENDANTS from further using,
23 altering and damaging Jamul Indian Village assets, from interfering with the Jamul General
24 Council's determination of the uses to which Tribal funds and assets are put, from interfering with
25 the voting rights of the PLAINTIFFS, from failing to recognize the June 1995 election of Walter
26 Rosales as Chairperson, Jane Dumas as Vice-chairperson, Sarah Aldamas, Adolph Thing and Val
27 Mesa as members of the executive committee.
28

7. According to the terms of the above-mentioned judgment, DEFENDANTS were further ordered to return to the care, custody and control of the Jamul General Council all grants, bank accounts and other Tribal funds and assets.

8. PLAINTIFFS have demanded that DEFENDANTS comply with the judgment, but DEFENDANTS continue to do the acts the Court enjoined and continue to fail to return all grants, bank accounts and other Tribal funds and assets to the care, custody and control of the Jamul General Council.

WHEREFORE, PLAINTIFFS pray for judgment as follows:

1. That DEFENDANTS, and their officers, agents, servants, employees and attorneys and all persons in active concert with them, or any of them, be permanently enjoined from further using, altering and damaging Jamul Indian Village assets.

2. That DEFENDANTS, and their officers, agents, servants, employees and attorneys and all persons in active concert with them, or any of them, be permanently enjoined from refusing to permit, and interfering with, the Jamul General Council's determination of the uses to which Tribal funds and assets are put, and interfering with the voting rights of the PLAINTIFFS.

3. That DEFENDANTS, and their officers, agents, servants, employees and attorneys and all persons in active concert with them, or any of them, be permanently enjoined from failing to recognize the June 1995 election of Walter Rosales as Chairperson, Jane Dumas, as Vice-chairperson, Sarah Aldamas, Adolph Thing and Val Mesa as members of the executive committee.

4. That DEFENDANTS, and their officers, agents, servants, employees and attorneys and all persons in active concert with them, or any of them, are to return all grants, bank accounts and other Tribal funds and assets to the care, custody and control of the Jamul General Council.

Dated: _April 2_____, 1996

WEBB, SMELKO & CAREY
A Professional Corporation

By: _/s/ Patrick D. Webb_____
Patrick D. Webb, Attorneys for
JAMUL INDIAN VILLAGE and the
INDIVIDUAL PLAINTIFFS

-3-



JAMUL INDIAN VILLAGE TRIBAL COURT

| | |
|---|---|
| JAMUL INDIAN VILLAGE, WALTER ROSALES, JANE DUMAS, SARAH ALDAMAS, VAL MESA, ADOLPH THING, JOE COMACHO, HELEN CUERO, BERNICE MESA, VIVIAN FLORES, and MARIE TOGGERY, <br><br> Plaintiffs, <br><br> vs. <br><br> RAYMOND HUNTER, MARCIA GORING-GOMEZ, MARY ALVAREZ, LEE SHAW-CONWAY, ELEANOR MILLER, JAMES ALVAREZ, EUGENE R. MADRIGAL, and DOES 1-20, <br><br> Defendants | Case No. 95-0001 KT <br><br> JUDGMENT |

It appearing from the records in the above-entitled action and from the evidence submitted to the court for the hearing on Plaintiffs' application for default judgment on December 1, 1995, at which Patrick D. Webb of Webb, Smelko & Carey appeared for plaintiffs, and Defendants failed to appear, that:

1. Defendants RAYMOND HUNTER, MARCIA GORING-GOMEZ, MARY ALVAREZ, LEE SHAW-CONWAY, ELEANOR MILLER, EUGENE R. MADRIGAL are not infants or incompetent persons or in military service or otherwise exempted under the Solders' and Sailors' Civil Relief Act of 1940; and

1  2.   Said defendants have not appeared in this action, and default has been entered on
2  November 24, 1995.
3  3.   Notice of the application for default judgment by court was served upon said
4  defendants by U.S. mail on Eugene R. Madrigal, the attorney known to be representing them in
5  the U.S. District Court for the So. Dist. Of California, Case No. 95-0131R(BTM), on November
6  24, 1995.
7  4.   Plaintiffs are entitled to judgment against said defendants on account of the claims
8  pleaded in the complaint, to wit: negligence, fraud; negligent misrepresentation; interference with
9  contractual relations and prospective economic advantage; conversion; professional negligence as
10  to defendant MADRIGAL, breach of fiduciary duty as to defendant MADRIGAL, breach of
11  contract as to defendant MADRIGAL; infringement of civil rights to full and equal benefit of all
12  laws and proceedings for the security of persons and property and the right to vote, due to age,
13  ancestry and opposition to the defendants' political agenda, in violation of 25 U.S.C. 1302(8) and
14  42 U.S.C. 1981; infringement of civil rights to equally occupy and enjoy real and personal
15  property due to age, ancestry and opposition to the defendants political agenda, in violation of 25
16  U.S.C. 1302(8) and 42 U.S.C. 1982; infringement of civil rights by conspiracy to prevent by
17  force, intimidation or threat the right to vote due to age, ancestry and opposition to defendants'
18  political agenda, in violation of 25 U.S.C. 1302(8) and 42 U.S.C. 1985(1); infringement of civil
19  rights by conspiracy to prevent the exercise of the right to vote in retaliation for opposition to
20  defendants' political agenda, due to age and ancestry, in violation of 25 U.S.C. 1302(8) and 42
21  U.S.C. 1985(2); infringement of civil rights by conspiracy to deprive plaintiffs of equal protection
22  of the laws and equal privileges and immunities under the law, due to their age, ancestry, and
23  opposition to Defendants' political agenda, in violation of 25 U.S.C. 1302(8) and 42 U.S.C.
24  1985(3); violation of the National Historical Preservation Act and the National Environmental
25  Policy Act; violation of the Indian Gaming Regulatory Act; and Declaratory Relief, as more
26  particularly plead in the Complaint;
27
28

1  Now, therefore, based upon the Plaintiffs' application for entry of default judgment, and
2  this court's above-stated findings, JUDGMENT IS HEREBY ENTERED against RAYMOND
3  HUNTER, MARCIA GORING-GOMEZ, MARY ALVAREZ, LEE SHAW-CONWAY,
4  ELEANOR MILLER, EUGENE R. MADRIGAL, as follows:
5      A.    Said Defendants, and their officers, agents, servants, employees and
6  attorneys and all persons in active concert with them, or any of them, are permanently enjoined
7  from further using, altering and damaging JAMUL INDIAN VILLAGE assets;
8      B    Said Defendants, and their officers, agents, servants, employees and
9  attorneys and all persons in active concert with them, or any of them, are not, and have never
10 been properly, enrolled members of the JAMUL INDIAN VILLAGE, and are not, and have never
11 been properly, enrolled members of the JAMUL General Council, and they are permanently
12 enjoined from interfering with the JAMUL General Council' determination of the uses to which
13 Tribal funds and assets are put, and they are further permanently enjoined from interfering with
14 the voting rights of the plaintiffs, and all grants, bank accounts, and other Tribal funds and assets
15 shall be returned to the care, custody and control of the JAMUL General Council;
16     C    Said Defendants, and their officers, agents, servants, employees and
17 attorneys and all persons in active concert with them, or any of them, are permanently enjoined
18 from failing to recognize the June 1995 election of WALTER ROSALES as Chairperson, JANE
19 DUMAS, as Vice-chairperson, SARAH ALDAMAS, ADOLPH THING, and VAL MESA, as
20 members of the executive committee.
21     D.  Plaintiffs are awarded general damages in the amount of $700,853.00;
22     E.  Plaintiffs are awarded punitive damages in the amount of $50,000; and
23     F  Plaintiffs are awarded their reasonable attorneys' fees, costs, and expenses in
24 this action in the amount of $132,865.04.
25 Dated: December 1, 1995

Karen Toggery, Tribal Judge

| | |
|---|---|
| JAMUL INDIAN VILLAGE TRIBAL COURT | ) |
| JAMUL INDIAN RESERVATION | ) ss. |
| JAMUL, CALIFORNIA | ) |

I, Jo Dean, Clerk of the Jamul Indian Village Tribal Court, do hereby certify that the attached Judgment for Case No. 95 0001 KT, <u>Jamul Indian Village, et al. v. Raymond Hunter, et al.</u>, dated December 1, 1995, is a true and correct copy, the original of which is on file in the Jamul Indian Village Tribal Court.

Dated this 27th day of March, 1996.

_/s/ Jo Dean_

Jo Dean
Clerk of the Jamul Indian Village Tribal Court

# EXHIBIT F

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| CASE NUMBER | COMPLAINT DATE | HEARING DATE | HEARING TIME | DEPT | FOR COURT USE ONLY |
|---|---|---|---|---|---|
| 698798 | | 10/21/98 | 9:00 a.m. | 43 | KENNETH E. MARTONE, Clerk of the Superior Court |
| JUDGE | | | CLERK | | OCT 21 1998 |
| J MICHAEL BOLLMAN | | | BARBARA OSTHOFF | | |
| REPORTER Norma Jean Flores | | | | CSR # 7413 | By: B. OSTHOFF, Deputy |
| PLAINTIFF/PETITIONER JAMUL INDIAN VILLAGE | | | ATTORNEY FOR PLAINTIFF/PETITIONER | | |
| DEFENDANT/RESPONDENT RAYMOND HUNTER | | | ATTORNEY FOR DEFENDANT/RESPONDENT | | |

COUNSEL FOR MOVING PARTY MUST FILL IN TOP PORTION, EXCLUDING NAMES OF JUDGE, CLERK AND REPORTER. ALL COUNSEL MUST PRINT NAMES IN SPACE OPPOSITE THE NAME OF THE PARTY THEY REPRESENT.

EX PARTE APPLICATION FOR: __TO SET MOTION TO CONSOLIDATE__

MOVING PARTY: __(D) EUGENE RICHARD MADRIGAL__

☒ ORDER BY COURT   ☐ GRANTED   ☒ DENIED  *w/o prejudice*   ☐ ORDER SHORTENING TIME IS   ☐ GRANTED   ☐ DENIED

☐ PURSUANT TO STIPULATION

☐ MOTION TO/FOR _____ IS SET ON _____

☐ RULING BY TELEPHONIC RECORDING/NO APPEARANCE NECESSARY

☐ TRIAL DATE CONTINUED TO: _____ ON MOTION OF PLT / DFT   ☐ BY COURT

☐ TRIAL READINESS CONFERENCE CONTINUED TO: _____ ON MOTION OF PLT / DFT   ☐ BY COURT

☐ SET CASE MANAGEMENT CONFERENCE ON _____   ☐ CASE DESIGNATED EXCEPTIONAL

☐ 1ST EXCHANGE OF EXPERTS _____ 2ND EXCHANGE OF EXPERTS _____   ☐ ALL DEADLINES REMAIN AS SET

☐ MOTION/DISCOVERY DATE MOVED TO _____ NON JURY/JURY REQUESTED BY PLT/DFT   EST. LENGTH OF TRIAL ___ DAYS

☐ VACATE ALL HEARING DATES   ☐ ORDERED TO ARB./MED.   ☐ REMOVED FROM ARB./MED.   ☐ SET ON 45 DAY DISMISSAL CALENDAR

☐ PREFERENCE GRANTED   ☐ 70 YEAR   ☐ 5 YEAR   ☐ OTHER _____

☐ ASSIGNED TO JUDGE _____ FOR ALL PURPOSES INCLUDING TRIAL

☐ LEAD CASE NO. _____ CONSOLIDATED WITH _____

OTHER: Case # 723872 to be assigned to Jd. Bollman and to be coordinated to this case. Both cases are to be stayed/dismissed until the (3) pending Bureau of Indian Affairs appeals are resolved. Both cases are dismissed w/o prejudice; Court reserves jurisdiction to vacate dismissal nunc pro tunc. All dates are vacated & parties are not giving up any rights.

DATED: 10/21/98          _Michael Bollman_
                         JUDGE OF THE SUPERIOR COURT

SUPCT CIV-7(Rev. 7-98)          **EX PARTE APPLICATION (Coordinated Rules, Division II, Chapter 7)**