UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| WALTER J. ROSALES, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 07-162 (RMC) |

## MEMORANDUM OPINION

Plaintiffs Walter J. Rosales and Karen Toggery filed this action in an effort to stop the construction of an Indian gaming establishment on property belonging to the Jamul Indian Village in San Diego County, California.[1] According to Plaintiffs, the property on which the casino is to be built contains the remains of their deceased relatives and other funerary objects that are entitled to protection under the Native American Graves Protection and Repatriation Act, 25 U.S.C. § 3001, *et seq.* ("NAGPRA"). Somewhat bafflingly, Plaintiffs do not name as defendants the entities that are planning to construct the casino. Rather, they have sued the United States, the Department of the Interior, and the Bureau of Indian Affairs on the theory that those entities have a duty under NAGPRA and a duty as trustees of the land to protect any human remains or funerary objects.

Plaintiffs moved for a preliminary injunction on February 5, 2007, and on March 12 they filed an emergency motion for a temporary restraining order on the ground that their relatives'

---

[1] Mr. Rosales and Ms. Toggery also name the Jamul Indian Village as a plaintiff, although the Village denies that they have the authority to do so. *See* Jamul Indian Village's *Amicus* Brief In Opp. to Pl.'s Mot. for Preliminary Injunction at 2. In fact, the Court recently decided that Mr. Rosales and Ms. Toggery lack authority to represent the Village. *See Rosales v. United States*, No. 03-1117 (GK), Mem. Op. at p. 1 n.1 (Mar. 8, 2007). Accordingly, all references to "Plaintiffs" in this Memorandum Opinion are confined to Mr. Rosales and Ms. Toggery.

remains were in imminent danger of being disinterred. The Court denied those motions by minute order on March 15. Currently pending before the Court is Defendants' motion to transfer venue to the Southern District of California, the federal judicial district in which the property and human remains are located. The Court agrees with Defendants that transfer of venue is warranted and will therefore grant the motion.

## I.  BACKGROUND FACTS

This lawsuit has its origins in a dispute over the election of the Jamul Indian Village's tribal leadership in the mid-1990s. That dispute begat a succession of lawsuits and administrative proceedings in which Plaintiffs have argued that the current tribal leadership was never properly elected and therefore has no authority to make decisions on behalf of the Village. *See* Case No. 03-1117 (GK), Mem. Op. at 2-9 (Mar. 8, 2007). For present purposes, only one particular aspect of the dispute is at issue. Plaintiffs claim that their relatives are buried on property upon which the Village has decided to build a hotel/casino. Compl. ¶ 5; Pls.' Mem. of P. & A. In Support of Mot. for Preliminary Injunction ("Pls.' P.I. Mem.") at 1. The construction, according to Plaintiffs, will disturb their relatives' remains in violation of two statutes: NAGPRA and Cal. Pub. Res. Code § 5097.9-99. Pls.' P.I. Mem. at 13.

On February 5, 2007, Plaintiffs moved for a preliminary injunction to preclude construction of the casino. Defendants filed an opposition on February 9, as well as a motion to transfer this action to the Southern District of California. In opposition to the preliminary injunction, Defendants challenge Plaintiffs' standing to bring this action, this Court's jurisdiction, the applicability of NAGPRA, and the scope of the remedy that Plaintiffs seek. The Court held a hearing

on February 16 and permitted both parties to submit additional briefs on both motions. After the supplemental briefing was complete, on March 12, 2007, Plaintiffs filed an emergency motion for a temporary restraining order based on the Village's increased efforts to begin constructing the casino. The Court held a hearing on Plaintiffs' emergency motion on March 15. At the hearing, the Court stated that Plaintiffs had demonstrated neither a likelihood of success on the merits nor an irreparable injury and, on that basis, denied the emergency motion as well as the pending motion for a preliminary injunction. The Court must now address Defendants' motion to transfer venue.

## II. LEGAL STANDARDS

Under 28 U.S.C. § 1404(a), a district court may transfer venue when two requirements are met: (1) the proposed transferee district is one in which the action might have been brought originally; and (2) the court decides, in the exercise of its discretion, that the transfer is warranted. *See DeLoach v. Phillip Morris Cos.*, 132 F. Supp. 2d 22, 24-25 (D.D.C. 2000). In deciding whether transfer is warranted, courts should consider the convenience of the parties and witnesses, as well as the "interests of justice." *See* 28 U.S.C. § 1404(a). The Court has "broad discretion" to order transfer under this standard. *In re Scott*, 709 F.2d 717, 720 (D.C. Cir. 1983). It is the party seeking transfer of venue that bears the burden of establishing that the relevant factors favor transfer. *See Amoco Steel Co. v. CSX Corp.*, 790 F. Supp. 311, 323 (D.D.C. 1991).

## III. ANALYSIS

In support of their motion to transfer, Defendants argue that (1) Plaintiffs reside in the Southern District of California; (2) the Village is located in the Southern District of California; (3) the parcels of land and human remains at issue are located in the Southern District of California; (4) Plaintiffs' counsel, Patrick Webb, maintains his office in the Southern District California; (5)

Plaintiffs' claims are based in part on California law; (6) and there are several officials from Defendant Bureau of Indian Affairs with knowledge of the underlying facts of Plaintiffs' claims who are located in California. Def.'s Mem. of Law In Support of Mot. to Transfer Venue at 2. Moreover, Defendants argue that there is no connection between this case and the District of Columbia. *See id.* Thus, the interests of justice and convenience of the parties favor venue in the Southern District of California rather than the District of Columbia. *See id.*

With respect to the first factor under 28 U.S.C. § 1404(a), the Court agrees with Defendants that Plaintiffs could have brought this lawsuit in the Southern District of California in the first instance. The events in question took place in that district, the alleged Native American cultural items that are at the heart of this controversy are located in that district, the property in question is located in that district, and Plaintiffs reside in that district. Thus, there is no doubt that Plaintiffs could have originally filed this case in the Southern District of California. *See* 28 U.S.C. § 1391(e) ("A civil action in which a defendant is . . . an agency of the United States, or the United States, may . . . be brought in any judicial district in which . . . a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or [in which] the plaintiff resides if no real property is involved in the action.").

Plaintiffs argue that they could not have brought this action in the Southern District of California because the relevant federal officials reside outside that district. Pls.' Mem. of P. & A. in Opp. to Def.'s Mot. to Transfer Venue ("Pls.' Opp.") at 4-5. If Plaintiffs were correct, then every suit against the United States or one of its agencies would have to be brought in the District of Columbia. In reality, Plaintiffs' argument is directly contrary to law. *See, e.g., Raduga USA Corp. v. U.S. Dep't of State*, 440 F. Supp. 2d 1140, 1148 (S.D. Cal. 2005) (finding venue in Southern

4

District of California was proper under 28 U.S.C. § 1391(e) even though defendants were federal agencies and officials who resided outside that district). The question is not whether Plaintiffs were required to bring this suit in the transferee district, but whether Plaintiffs could have done so. *See DeLoach*, 132 F. Supp. 2d at 24-25. Clearly Plaintiffs could have brought this suit in the Southern District of California, and their argument to the contrary lacks even a modicum of merit.

Second, the Court agrees with Defendants that the interests of justice militate in favor of transfer. At its core, this case involves an intra-tribal dispute between members and alleged members of the Jamul Indian Village, which is located in San Diego County. Although the conflict appears to be longstanding and extensive, the subject of the dispute at issue in this action is discrete: *i.e.*, the proposed construction of a hotel/casino on a certain parcel of land in San Diego County. Thus, this dispute involves individuals, real property, and Native American cultural items that are exclusively located in the Southern District of California. In addition, many witnesses, Plaintiffs' counsel, and Plaintiffs themselves reside in California, most of them in the Southern District. Indeed, the District of Columbia has no meaningful nexus to the dispute, other than the fact that it is the seat of the federal government. And the fact that Plaintiffs chose to file their lawsuit here is entitled to little deference, if any, because they do not reside in the District of Columbia. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981).

Plaintiffs argue that the "events or omissions" at issue in this case occurred in the District of Columbia because their claims "arise from the personal injury they will sustain from the mutilation . . . of their forbears [sic] human remains and funerary objects, if the United States allows grading on the relevant parcels in violation of NAGPRA." Pls.' Opp. at 9. That is, Plaintiffs argue that their claims "do not arise out of the locus of the real property" in which their relatives are buried.

5

*Id.* The Court rejects this counterintuitive argument out of hand. Clearly Plaintiffs' claims arise from the possibility that their relatives' remains will be disturbed by construction activities on the property in question, which is located in the Southern District of California. Moreover, even accepting Plaintiffs' contention that their claims are not based on the property but are in the nature of "personal injuries," there is no dispute that Plaintiffs reside in the Southern District of California. Under those circumstances, the Court fails to understand how Plaintiffs' personal injuries (assuming such injuries exist at this point in time) arose in the District of Columbia. *Cf.* 28 U.S.C. § 1391(e)(3) (allowing cases against the United States to be brought in the district where the plaintiff resides if no real property is involved).

Finally, Plaintiffs argue that Defendants have waived the right to bring this motion because they did not do so in "Plaintiffs' companion action before this Court, Rosales v. United States, Case No. 1:03 CV 01117 (D.D.C.), which has been pending before Judge Gladys Kessler since May 23, 2003." Pls.' Opp. at 6. The Court finds Plaintiffs' description of Case No. 03-1117 as a "companion case" puzzling, given that Plaintiffs made no mention of that case in their Complaint or motion for preliminary injunction, did not file a notice of related case as required by LCvR 40.5(b)(2), and — in fact — represented on the Civil Cover Sheet filed with the Complaint that there were no related cases. The undersigned was not even aware of this "companion case" until it was referenced by Plaintiffs' counsel at the February 16 hearing. In any event, Defendants have waived nothing. Case No. 03-1117 involved Plaintiffs' challenge to the decisions of BIA concerning the disputed Village leadership elections in the mid-1990s. This case involves an attempt to stop construction on a parcel of land located in San Diego County pursuant to NAGPRA. There is no reason why the United States would be estopped from moving to transfer the latter case, especially

since Plaintiffs have tacitly conceded that the two cases are not related by failing to file a related-case notice.

Considering all the factors, the Court concludes that the Southern District of California is a far more appropriate venue for this case. *See, e.g.*, *Shawnee Tribe v. United States*, 298 F. Supp. 2d 21, 22 (D.D.C. 2002) (denying motion for preliminary injunction and transferring case to District of Kansas because tribal land at issue was located in that district).

## IV.  CONCLUSION

For the foregoing reasons, the Court will grant Defendants' Motion to Transfer Venue [Dkt. # 6].  A memorializing order accompanies this Memorandum Opinion.

/s/
ROSEMARY M. COLLYER
United States District Judge

DATE:  March 19, 2007